Frederick H. Dorwin, Respondent, *v.* John T. Strickland et al., Appellants.

Assessors have no jurisdiction to assess a non-resident for personal property, and for a mistake in determining the question of residence they are personally liable, although at the time of assessment the question, from the facts brought to the knowledge of the assessors, was fairly one of doubt.

(Submitted January 17, 1874; decided May term, 1874.)

Appeal by defendants from a judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict.

This action was brought to recover the value of certain personal property of the plaintiff, sold by the collector of the town of Philadelphia, in Jefferson county, to satisfy a tax on the personal estate of the plaintiff, for which he had been assessed in 1868, by the defendants, who were the assessors therein; it being claimed by him that he was not a resident at the time of such assessment.

The facts material to the decision of the appeal in this court sufficiently appear in the opinion.

*Hammond & Whiting* for the appellants. The court erred in refusing to charge that, in determining plaintiff's residence, the assessors acted judicially and are not liable if they erred. (1 R. S., § 8, chap. 13, art. 2, title 2; *Brown* v. *Smith*, 24 Barb., 420; *Vail* v. *Owen*, 19 id., 22, 25; 48 id., 52; *Wilson* v. *Mayor, etc., of N. Y.*, 1 Den., 575, 599.) Defendants, as assessors, had jurisdiction to determine whether plaintiff resided in the town where he was assessed. (1 R. S., §§ 8, 9, art. 2, title 2, chap. 13; *Brown* v. *Smith*, 24 Barb., 420; *Van Rensselaer* v. *Whitbeck*, 7 id., 133, 137.)

*L. J. Dorwin* for the respondent. The assessors not having gained jurisdiction of the plaintiff's person, the proceedings are void. (*Bigelow* v. *Stearnes*, 19 J. R., 39, and cases cited; *Reynolds* v. *Orvis*, 7 Cow., 269; *Chemung Canal Bank* v. *Judson*, 8 N. Y., 254; *Dobson* v. *Pearce*, 12 id., 156; *Harrington* v. *People*, 6 Barb., 607.) The assessors, acting as judicial officers, determined the question of jurisdiction at their own peril. (*Mygatt* v. *Washburn*, 15 N. Y., 316; *Bell* v. *Pierce*, 51 id., 12; *Nat. Bk. of Chemung* v. *City of Elmira*, 8 Albany L. J., 410.)

LOTT, Ch. C. It appears, by the evidence in this case, that the plaintiff, in the spring of 1868, sold some real estate owned by him in the town of Philadelphia, in Jefferson county, where he then resided, and delivered possession thereof to the purchaser. The defendants were the assessors

of the town in that year, and they assessed him for personal property, and the question involved in the trial of the action was, whether he continued to be an inhabitant and resident of that town on the first day of July, so as to give them jurisdiction to make the assessment. There was considerable evidence given in reference to the matter, and when the plaintiff rested his case, the counsel of the defendants moved for a nonsuit upon the ground that the proof did "not sufficiently show the fact to bring it to these assessors that this man (meaning the plaintiff) was not a resident of the town of Philadelphia at the time the assessment was made." The motion was denied, and exception was taken. The defendants then introduced proof tending to show that the plaintiff had not removed from Philadelphia, and that he was an inhabitant and a resident therein when he was assessed by them for his personal estate; rebutting testimony was afterward given on behalf of the plaintiff, and when the evidence was closed the court charged the jury, directing their attention to the most material and prominent proof that had been introduced on both sides on the question of the plaintiff's residence and instructing them what was necessary to effect a change of residence, and submitted it to their determination and decision, whether he resided in that town on the 1st day of July, 1868; and if he did not, then he was entitled to recover. No exceptions were taken by either party to the charge. After it had been given, the counsel for the defendants asked the court to charge, "that if the residence of the plaintiff was, at the time of the assessment, fairly a question of doubt, arising upon the facts before the assessors and for their decision, then, in determining it, the assessors acted judicially, and are not liable if they err; especially so, in a case where the plaintiff's property, real and personal, remained in the town where he was assessed." The court refused so to charge, and there was an exception taken to such refusal. The jury found in favor of the plaintiff. This finding is conclusive upon the question of fact, and established that the plaintiff

was unlawfully assessed by the defendants; and the question is presented, whether the court erred in refusing to nonsuit the plaintiff, or in his refusal to charge the jury as requested.

The motion for a nonsuit assumed, or at least substantially conceded, that there was evidence tending to show that the defendant did not reside in Philadelphia at the time the assessment was made, and it was based, not on the ground that there was no proof to establish that fact, but that such non-residence had not been so brought to the knowledge of the defendants as to charge them with liability for assuming that he was a resident, and thereupon assessing him as such. The refusal to charge involved the same grounds of defence. They both presented the proposition, substantially, that the defendants, as assessors, acted judicially in assessing the plaintiff, and that they were not liable for a mistake in making their decision. This, under the decisions of the Court of Appeals, is not tenable. It was established in *Mygatt* v. *Washburn* (15 N. Y., 316) that assessors have no *jurisdiction* to assess a person for the personal estate owned by him, unless he be a resident of the town in which they are officers, and if they do they are personally liable to the party assessed for the damage sustained by him therefrom. It is true, as claimed by the appellants' counsel, that there was in that case no dispute in relation to the fact of Mygatt's non-residence in the town where he was assessed, on the first day of July in the year the assessment was made; but it is also true, that he was, in fact, a resident of the town at the time his name was inserted in the assessment roll, and when the amount for which he was assessed was placed opposite to his name; and it does not appear that the fact of his removal became known to the assessors before they delivered the roll to the supervisor of the town. It was also admitted, on the trial, that the assessors were diligent in their inquiries to ascertain the names of the taxable inhabitants of the town. It was, nevertheless, held that the plaintiff was not subject to the *jurisdiction* of the assessors, and that they, in placing his name on the roll, and adding thereto an amount as to the

value of his personal property, acted without any authority; and, that it was not, in the view of the law, the case of an error of judgment. The case under review is substantially the same in principle. The fact that the non-residence was a question settled by a jury, instead of an admission of the parties, is immaterial. That decision has been recognized and assumed in several subsequent cases as controlling authority. It will be sufficient to refer to *Bell* v. *Pierce* (51 N. Y., 12); *National Bank of Chemung* v. *City of Elmira* (53 id., 49).

There were some exceptions taken on the trial on the admissibility of evidence, which have been examined and considered, but are clearly not well taken, and as they do not appear to be relied on by the appellants' counsel, in this appeal, it is unnecessary to notice them in detail.

It follows, from the views above expressed, that the judgment appealed from should be affirmed, with costs.

All concur, except GRAY, C., not voting.

Judgment affirmed.