[No. 1315.]

JAMES G. FORD & CO., APPELLANTS, v. CHAS. McGREGOR, ASSESSOR OF NYE COUNTY, RESPONDENT.

TAXES — SITUS OF LIVE STOCK — HOME RANCH.— Appellants own real estate and personal property, consisting principally of sheep, in Eureka county. They own no real estate in Nye county. The sheep are controlled, cared for and managed at the home ranch in Eureka county. In the early spring they were driven into Nye county, in charge of herders, and there grazed upon the public domain for the period of about two months, and in the early part of March, at the commencement of the assessing period, and while they were being driven back into the county of Eureka, were assessed in Nye county. *Held*, that the property was not assessable in Nye county. (*Barnes v. Woodbury*, 17 Nev. 383, affirmed.)

IDEM — ACTS OF ASSESSOR — MINISTERIAL. — In assessing property not taxable the assessor acts ministerially, and not judicially, and is personally liable.

APPEAL from the District Court of the State of Nevada, Nye County.

THOMAS H. WELLS, District Judge.

The facts are stated in the opinion.

*A. E. Cheney*, for Appellants.

I. The finding of the court that the money sued for was paid involuntarily, under protest and under compulsion, is fully sustained by the pleadings, the evidence and the law. (Burr. Tax. 266-269; Cool. Tax. 568, 569; *Maxwell v. Griswold*, 10 How. 242; *Lamborn v. County Commissioners*, 97 U. S. 185; *State Tonnage Tax Cases*, 12 Wall. 209; *First Nat. Bank v. Watkins*, 21 Mich. 483; *Winzer v. City of Burlington*, 68 Iowa, 279.)

II. The payment was none the less compulsory because made after the sale of the property. (*Hays v. Hogan*, 5 Cal. 241; *Westfall v. Preston*, 49 N. Y. 349; *Pierce v. Benjamin*, 14 Pick. 356; 25 Am. Dec. 396; *Bailey v. Goshen*, 32 Conn. 546; *Galveston G. Co. v. Galveston Co.*, 54 Tex. 287; *Mayor v. Lefferman*, 4 Gill, 425; 45 Am. Dec. 164.)

III. Even if the defendant had paid the money to the county treasurer before the commencement of the action, it would be no defense to the action. (Burr. Tax. 268; *Elliott v. Swartwout*, 10 Pet. 137; *Erskine v. Van Arsdale*, 15 Wall. 75;

*Greenabaum* v. *King*, 4 Kan. 332; 96 Am. Dec. 172; *Mason* v. *Johnson*, 51 Cal. 612; *Meek* v. *McClure*, 49 Cal. 623.)

IV.  The assessment was not a judicial, but a ministerial act, and, as the assessor exceeded his power in making it, he is not protected.  (*Hays* v. *Pacific M. S. Co.*, 17 How. 596; *Baldwin* v. *Shine*, 84 Ky. 502; *Henry* v. *Sargeant*, 13 N. H. 321; 40 Am. Dec. 146; *Hardenburgh* v. *Kidd*, 10 Cal. 402; *San Francisco* v. *Talbot*, 63 Cal. 485; *Hicks* v. *Dorn*, 42 N. Y. 47.)

V.  Assessors have no power to determine what property is taxable, and for an erroneous decision on their part they are liable, and an assessment founded thereon is void.  (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49; *Dorwin* v. *Strickland*, 57 N. Y. 492; *Clark* v. *Norton*, 49 N. Y. 243; *Dorn* v. *Backer*, 61 N. Y. 261; *Williams* v. *Weaver*, 75 N. Y. 30; *Matter of N. Y. Cath. Protectory*, 77 N. Y. 342; *People ex rel.* v. *Supervisors of Chenango Co.*, 11 N. Y. 563; *Mygatt* v. *Washburn*, 15 N. Y. 316; *Middleton* v. *Low*, 30 Cal. 607.)  Among the vast number of cases in which officers have been held personally liable, we invite the court's attention to the following:  (*Inglee* v. *Bosworth*, 5 Pick. 498; 161 Am. Dec. 419; *Stetson* v. *Kempton*, 13 Mass. 272; 7 Am. Dec. 145; *Maxwell* v. *Griswold*, 10 How. 242; *Greenabaum* v. *King*, 4 Kan. 332; 96 Am. Dec. 172; *Drew* v. *Davis*, 10 Vt. 506; 33 Am. Dec. 213; *Erskine* v. *Van Arsdale*, 15 Wall. 75; *Hays* v. *Hogan*, 5 Cal. 241; *Falkner* v. *Hunt*, 16 Cal. 167; *Guy* v. *Washburn*, 23 Cal. 111; *Mason* v. *Johnson*, 51 Cal. 612; *Smith* v. *Farrelly*, 52 Cal. 77; *Hays* v. *The Pacific Steamship Co.*, 17 How. 596: *Winslow* v. *Morrill*, 47 Me. 411; *Saunders* v. *Springsteen*, 4 Wend. 429; *First Nat. Bank* v. *Watkins*, 21 Mich. 483; *St. Mary's Church* v. *Tripp*, 14 R. I. 307; *Lyon* v. *Receiver of Taxes*, 52 Mich. 271.)

VI.  The property described in the complaint was not subject to taxation in Nye county.  (*Barnes* v. *Woodbury*, 17 Nev. 383; *Robinson* v. *Longley*, 18 Nev. 71; *Conley* v. *Chedic*, 7 Nev. 336.)

*Rives & Beatty*, for Respondent:

I.  The county assessor of Nye county acted not only officially, but as such in a judicial capacity, and therefore cannot be held liable in this action.  Appellants' remedy, if any they have, is against Nye county.  (*Chegaray* v. *Jenkins*, 5 N. Y. 380; *Howell* v. *City of Buffalo*, 15 N. Y. 519; *Barhyte* v. *Shepherd*, 35

N. Y. 238; *Swift* v. *City of Poughkeepsie*, 37 N. Y. 511; Cool. Tax. 157–8, 549–57, 563–65, 570; *Wells, Fargo & Co.* v. *Dayton*, 11 Nev. 161; *Conley* v. *Chedic*, 7 Nev. 336; *Preston* v. *City of Boston*, 12 Pick. 7; *George* v. *School District*, 6 Met. 506; Cool. Tax. 559–61; Hill. Tax., Secs. 55–56; *Weaver* v. *Devendorf*, 3 Denio, 118; Burr. Tax., 238, 244–45, 434, 438–41; *Van Rensselaer* v. *Cottrell*, 7 Barb. 129; *Van Rensselaer* v. *Witbeck*, 7 Barb. 137; *Brown* v. *Smith*, 24 Barb. 419; *Vail* v. *Owen*, 19 Barb. 22; *Easton* v. *Calendar*, 11 Wend. 92; *People* v. *Townsend*, 56 Cal. 633.)

II. The *situs* of the property, for the purpose of taxation, was in Nye county. (*City of New Albany* v. *Meekin*, 3 Ind. 481; 56 Am. Dec. 522; *Green* v. *Van Buskirk*, 7 Wall. 139; *Mills* v. *Thornton*, 26 Ill. 300; 79 Am. Dec. 378; *Battle* v. *Mobile*, 9 Ala. 234; 44 Am. Dec. 438; *Lyman* v. *Fiske*, 17 Pick. 231; 28 Am. Dec. 293; Hill. Tax., 117–25; Cool. Tax. 14, 150; *State* v. *Falkinburg*, 15 N. J. L. 320; *First National Bank* v. *Smith*, 65 Ill. 54; *Merrill* v. *Humphrey*, 24 Mich. 170.

By the Court, MURPHY, J.:

Appellants Ford & Merritt are co-partners in the business of stock-raising. They are the owners of real estate, and personal property consisting principally of sheep, in Eureka county. They have no real estate in Nye county. Merritt resides in California. The home ranch, where appellant Ford resides, is in Eureka county, and is the principal place of business of the copartnership. The sheep are controlled, cared for and managed at their home ranch. In the early spring the sheep have been annually driven away from the home ranch, in charge of herders, into Nye county, to graze upon the public domain of said county for a period of about two months, and were then returned into the county of Eureka, where they remained in the vicinity of the home ranch. In January, 1889, fourteen thousand head of the sheep were so driven into Nye county temporarily, and there grazed upon the public domain until the early portion of March, when the herders, as was the usual custom, commenced to drive them back into Eureka county; and, while the herders were so driving them, the respondent, assessor of Nye county, finding them at the commencement of the assessment season—which begins on the first Monday in

March and ends on the first Monday of September in each year —assessed them as personal property subject to taxation in Nye county for the year 1889. He demanded immediate payment to him of the amount of taxes on said personal property; and appellants refused to pay the same, or any portion thereof, and notified respondent that said property belonged in and was assessable in Eureka county, and was not assessable in Nye county. Thereupon the respondent seized upon and took possession of one thousand four hundred head of said sheep, and sold sufficient thereof to satisfy the claim for taxes, and the costs and expenses of the assessment, levy and sale. Appellants, in order to regain the possession of said sheep, were compelled to pay, and did, under protest, pay the sum of eight hundred and one dollars, that being the amount of the tax, cost and expenses. The sheep were immediately driven into Eureka county and were thereafter there assessed, and the taxes due thereon made a charge against the real estate of appellants in Eureka county. This suit was instituted to recover the money paid under protest to respondent. The district court granted a nonsuit, and gave judgment in favor of .the respondent upon the grounds: (1) That, upon the facts stated, the property was subject, under the law of this state, to taxation in the county of Nye; (2) that the respondent, in assessing the property and collecting the tax, acted judicially, and could not therefore be held liable in this action.

This case cannot, in our opinion, be distinguished in principle from that of *Barnes* v. *Woodbury*, 17 Nev. 383. The rule therein announced as to the *situs* of personal property of the character of live-stock must govern and control this case. The fact that in the Barnes case the cattle were permitted to roam at will, and that they wandered from the home ranch in Eureka county into the county of White Pine, and there grazed upon the public domain, at various times during the assessing period, while in this case the sheep were driven into the county of Nye, and there herded . for a short period. of time, does not make any difference in the application of the principles upon which the *situs* of the property for the purpose of taxation is to be determined. The reasons stated in the Barnes case in support of the conclusions reached as to the *situs* of the property apply with equal force to this case, and are conclusive upon the question. The

court erred in deciding that the property was assessable in Nye county.

The court also erred in holding that respondent acted judicially, and could not be held personally liable. In support of the views expressed by the court, counsel for respondent cites several New York cases, including, among others, *Barhyte* v. *Shepherd*, 35 N. Y. 238, and *Swift* v. *City of Poughkeepsie*, 37 N. Y. 511. The cases cited by counsel were reviewed at length in *National Bank* v. *City of Elmira*, 53 N. Y. 58, and it was therein declared that the doctrine announced in those authorities applied only . to cases where the assessor had jurisdiction over the persons and property assessed, and erred, for instance, in assessing the property at too high a rate, which was simply an error in a matter to be judicially determined by them, and that the opinions referred to, in holding that the assessor acted judicially and not ministerially, could not be considered as authorities in protecting assessors in the assessment of property where they had no jurisdiction, and that, if such a doctrine was inferable from them, they should not be followed. Church, C. J., in delivering the opinion of the court, said: "The distinction is between an erroneous and an illegal assessment. The former is when the officers have power to act, but err in the exercise of the power; the latter, when they have no power to act at all, and it does not aid them to decide that they have. It is argued that they have jurisdiction to determine what property is taxable in the town. This is a mistake. The legislature determines that question, and the officers have no power over it. The statute requires the assessors to 'ascertain by diligent inquiry' two things: (1) The taxable inhabitants; (2) the taxable property. Where they decide erroneously as to a taxable inhabitant, it is conceded, and the *Mygatt Case*, 15 N. Y. 321, holds, that they are liable as trespassers. Why not when they err as to taxable property? The duty is precisely the same, and the power conferred in the same language. Assessors must have jurisdiction over the person and subject-matter, * * * otherwise, the assessment is illegal, and void." It may be admitted that the New York cases are not entirely uniform in respect to the question as to what acts of the assessors are judicial, and what are ministerial; but, when the direct question is discussed, they have repeatedly held that whenever the assessors exceed their jurisdiction in assessing property and

collecting taxes they are personally liable. (*People* v. *Super-visors*, 11 N. Y. 573; *Mygatt* v. *Washburn*, 15 N. Y. 321; *Clark* v. *Norton*, 49 N. Y. 246; *Dorwin* v. *Strickland*, 57 N. Y. 495.) The authorities in other states uniformly declare that the acts of the assessor in assessing property and collecting the taxes are ministerial, and that if, as in the present case, he exceeds his powers, he is not protected, and is held personally liable. (*San Francisco* v. *Talbot*, 63 Cal. 486; *Fairbanks* v. *Kittredge*, 24 Vt. 12; *Baldwin* v. *Shine*, 84 Ky. 513; *Henry* v. *Sargeant*, 13 N.H. 333; 40 Am. Dec. 146; *Hays* v. *Pacific M. Steamship Co.*, 17 How. 6l0.)

As long as the assessor acts within the scope of his authority, he is protected by the law; but, to bring him within this rule, he must be careful not to assume a jurisdiction which the law does not confer upon him. If he assumes an authority to decide upon the rights of others in cases which the law has not confided to his judgment, he is in general responsible to the same extent as if he possessed no official character whatever. "The office protects him only when he keeps within the limits which have been prescribed for his official action. When he exceeds those, he lays aside his official character, and must rely for his protection on the same principles behind which citizens in private life must defend themselves." (Cooley Tax., 553.) The judgment of the district court is reversed, and the cause remanded; and the court is directed to enter judgment in favor of appellants for the sum of eight hundred and one dollars and costs.