THE CITY OF NEW YORK, Appellant, *v.* ANDREW MCLEAN, Respondent.

1. NEW YORK CITY — NON-RESIDENT OF THE STATE NOT PERSONALLY LIABLE FOR ASSESSMENT ON NATIONAL BANK STOCK OWNED BY HIM. The board of taxes and assessments of the city of New York had authority under the statute of the United States (U. S. Rev. Stats. § 5219) and the statute of this state (L. 1882, ch. 409, § 312) to tax the stock of a national bank of that city owned by a non-resident of the state and to enforce the payment of the tax by a lien upon and a sale of the stock; but no authority to enforce it by an action for the recovery of a personal judgment against the non-resident stockholder was conferred upon the board by section 936 of the charter (L. 1897, ch. 378), relating to taxes imposed for personal property upon any person or corporation "in the city of New York," these words including only such persons or corporations as were residents of that city; nor was such authority conferred by section 314 of the Banking Law (L. 1882, ch. 409, § 314, as amd. by L. 1892, ch. 714), relating to taxes on such bank stock and the manner of collecting them and providing that the same remedies may be pursued "as are now provided by law for enforcing payment of personal taxes against residents," the purpose of this clause having been to give the same remedies so far as they are applicable thereto and not to change a property tax into a personal one; these statutes, therefore, must be so construed as not to impose upon a non-resident taxpayer a personal liability for the tax, but only to make the property liable therefor, since otherwise they would be violative of the Federal Constitution and beyond the power of the legislature to enact.

2. NOT LIABLE FOR PERSONAL JUDGMENT BECAUSE JURISDICTION OF HIS PERSON WAS OBTAINED BY SUPREME COURT. The fact that jurisdiction of the person of a non-resident stockholder was obtained, in an action to recover a personal judgment against him for an unpaid assessment upon bank stock, by personal service of the summons therein within the state, does not render him personally liable for such judgment; since the question involved is not the jurisdiction of the Supreme Court over his person, but whether such board of taxes and assessments had such jurisdiction of his person as to impose upon him by assessment any liability which could be enforced as a personal claim.

*City of New York* v. *McLean*, 57 App. Div. 601, affirmed.

(Argued February 17, 1902; decided April 1, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered Feb-

ruary 27, 1901, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for appellant. For the purposes of enforcement a tax constitutes a debt. (*Matter of Columbian Insurance Co.*, 3 Abb. Ct. App. Dec. 239; *Matter of A. I. C. Co.*, 19 App. Div. 415; *Litchfield* v. *McComber*, 42 Barb. 288; *Butts* v. *City of Rochester*, 1 Hun, 598, 600; *Torrey* v. *Willard*, 55 Hun, 78; *City of Ithaca* v. *Cornell*, 75 Hun, 425; *Litchfield* v. *McComber*, 42 Barb. 288; *City of Dubuque* v. *C. I. R. R. Co.*, 39 Iowa, 56; *C. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 110 N. Y. 250; *Matter of Babcock*, 52 Hun, 142; 115 N. Y. 450.) A state in which a national bank is located has power to tax shares of stock therein whether held by residents or non-residents. (*Bristol* v. *W. Co.*, 177 U. S. 133; *New Orleans* v. *Semple*, 175 U. S. 309; *Tappan* v. *M. Bank*, 19 Wall. 490; *P. C. Co.* v. *Pennsylvania*, 141 U. S. 22; *S. Society* v. *Multnomah*, 169 U. S. 427; *McCullough* v. *Maryland*, 4 Wheat. 316; *Coe* v. *Errol*, 116 U. S. 517; *State Railroad Tax Cases*, 92 U. S. 575; *U. R. Co.* v. *Lynch*, 177 U. S. 149; *R. Co.* v. *Hall*, 174 U. S. 70.) For purposes of taxation personal property may be separated from its owner, and he may be taxed therefor at the place of its actual location. (*Bristol* v. *Washington Co.*, 177 U. S. 133, 145; *Savings Society* v. *Multnomah Co.*, 169 U. S. 427; *New Orleans* v. *Semple*, 175 U. S. 320; *Swallow* v. *Thomas*, 15 Kans. 66; *Commissioners* v. *Nelson*, 19 Kans. 234; *Fisher* v. *Commrs. of Rush Co.*, 19 Kans. 414; *Greves* v. *Shaw*, 173 Mass. 205; *Finch* v. *York Co.*, 19 Neb. 50; *Morrison* v. *Manchester*, 58 N. H. 538; *Winkley* v. *Newton*, 67 N. H. 80.) A non-resident owner of bank stock of a national bank situated within this state, by virtue of the provisions of the

Revised Statutes of the United States, voluntarily submits himself to the jurisdiction of this state for all purposes of taxation on account of his ownership. (U. S. R. S. § 5219; *Tappan* v. *M. Nat. Bank*, 19 Wall. 490; *C. S. Bank* v. *Mayor, etc.*, 37 App. Div. 560; *Palmer* v. *McMahon*, 133 U. S. 660; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of De Peyster*, 80 N. Y. 572; *Matter of Louden*, 89 N. Y. 554; *McMahon* v. *Palmer*, 102 N. Y. 176; *People* v. *Turner*, 117 N. Y. 236; *Terrell* v. *Wheeler*, 123 N. Y. 83.) There is absolutely no difference in the nature of a tax extended against shares of stock in a national banking association and any other personal tax, excepting in the nature of the assessment, levy and collection. (*Sumpter Co.* v. *Gainesville Bank*, 62 Ala. 464.) The power to levy taxes necessarily carries with it the power to enforce their collection, and to provide the means necessary to accomplish this object. Subject, therefore, to constitutional restrictions, the choice of methods for the collection of taxes is within the discretion of the legislature. (*Litchfield* v. *Vernon*, 41 N. Y. 123, 135; *Matter of Ninth Avenue & Fifteenth Street*, 45 N. Y. 729; *People* v. *H. Ins. Co.*, 92 N. Y. 329, 347; *Genet* v. *City of Brooklyn*, 99 N. Y. 297, 307; *Spencer* v. *Merchant*, 100 N. Y. 585; 125 U. S. 345; *Stuck* v. *Ray*, 26 La. Ann. 674; *Morrison* v. *Larkin*, 26 La. Ann. 699; *Gibson* v. *Mason*, 5 Nev. 283; *State* v. *C. V. M. Co.*, 16 Nev. 432; *Languille* v. *State*, 4 Tex. App. 312; *Clegg* v. *State*, 42 Tex. 605; *Mason* v. *Rollins*, 2 Biss. [U. S.] 99.) It being within the discretion of the legislature to provide the method for the collection of taxes, it had the power to prescribe the right to proceed by action and to enact section 936 of the charter. (Cooley on Taxn. [2d ed.] 373; Burroughs on Taxn. § 105; *McLean* v. *Myers*, 134 N. Y. 480; *C. S. Bank* v. *Mayor, etc.*, 37 App. Div. 560; *Sumpter Co.* v. *Gainesville Bank*, 62 Ala. 464; *Biggins* v. *People*, 96 Ill. 381; *Byrne* v. *La Salle*, 123 Ill. 581; *Shaum* v. *Showers*, 49 Ind. 285; *Mercier* v. *New Orleans*, 42 La. Ann. 1135; *Lord* v. *Parker*, 83 Me. 530; *Rich* v. *Tuckerman*, 121 Mass. 222; *Jefferson* v. *Whipple*,

71 Mo. 519; *Jefferson* v. *Curry*, 77 Mo. 230; *Tripp* v. *Torrey*, 17 R. I. 359; *Wheeler* v. *Wilson*, 57 Vt. 157; *D. S. Bank* v. *U. S.*, 19 Wall. 227.)

*Edwin B. Smith* for respondent. While New York city's right to tax the stock of a national bank within its limits is unquestioned, and the state may impose upon those residing within its jurisdiction personal liability for any tax, it cannot affect with such liability any owner of such stock who is a citizen and resident of another state. (*State Tax*, 15 Wall. 319; *Erie* v. *Pa.*, 153 U. S. 646; *People* v. *E. T. Co.*, 96 N. Y. 393; *Dewey* v. *Des Moines*, 173 U. S. 204; *St. Louis* v. *F. Co.*, 11 Wall. 430; *Woodworth* v. *Spring*, 4 Allen, 324; *Ward* v. *Boyce*, 152 N. Y. 200; *Hays* v. *Pacific Mail*, 17 How. [U. S.] 599; *Morgan* v. *Parham*, 16 Wall. 474; *Plimpton* v. *Bigelow*, 93 N. Y. 597.) A citizen and resident of another state is liable to have property in New York taxed here only by reason of its situs. (*Hoyt* v. *Comrs.*, 23 N. Y. 228; *Simpson* v. *Jersey City*, 165 N. Y. 197; *P. Inst.* v. *Boston*, 101 Mass. 582; *Hays* v. *Pacific Mail*, 17 How. [U. S.] 599; *N. O.* v. *Semple*, 175 U. S. 320; *Flint* v. *Boston*, 99 Mass. 146.) A tax does not rest upon any contract between the state and the taxpayer; there is no assumpsit, express or implied, to pay it. It is a burden imposed by a sovereignty upon a subject person or thing, which he or it is bound to bear because of his or its subjection to the jurisdiction of the imposing power. (Desty on Taxn. 1; Cooley on Taxn. 1, 2; Blackwell on Taxn. 1; *Lane* v. *Oregon*, 7 Wall. 80; *Merriweather* v. *Garrett*, 102 U. S. 513; *People* v. *McCreery*, 34 Cal. 454; *Hanson* v. *Vernon*, 27 Iowa, 47; *Abbott* v. *Bangor*, 54 Me. 543; *Winkley* v. *Newton*, 67 N. H. 83; *M. N. Bank* v. *Penn.*, 167 U. S. 461; *Nat. Bank* v. *Com.*, 9 Wall. 361; *Del. R. R. Tax*, 18 Wall. 230; *Buie* v. *Fayetteville*, 79 N. C. 269.) Except by congressional permission a national bank, its shares, its stockholders (as such) cannot be taxed by a state. (U. S. R. S. § 5219; *In re Jenkins*, 47 App. Div. 394; *Farmers' Bank* v. *Dearing*, 91 U. S. 34; *People* v. *Weaver*, 100 U. S.

543; *D. R. R. Co. Tax*, 18 Wall. 230; *Van Slyck* v. *Wisconsin*, 154 U. S. 581; *Williams* v. *Weaver*, 75 N. Y. 36; *Tennessee* v. *Whitworth*, 117 U. S. 136.) It is the only fair construction of our statute allowing suit for taxes that it was not intended to reach citizens of other states; otherwise, it is unconstitutional. (*People* v. *E. T. Co.*, 96 N. Y. 393; *Hilton* v. *Fonda*, 86 N. Y. 347; *Harris* v. *Niagara*, 16 Abb. [N. C.] 288; *Buffalo* v. *Erie*, 48 N. Y. 101; *Butler* v. *Oswego*, 56 Hun, 362; L. 1897, ch. 378, § 936; *Dunning* v. *Coleman*, 27 La. Ann. 48; *Webb* v. *Bidwell*, 15 Minn. 479; *Cottle* v. *Cary*, 61 App. Div. 70; *Prime Est.*, 136 N. Y. 360; *Fox's Will*, 52 N. Y. 534; *U. S.* v. *Fox*, 94 U. S. 315; *Walnut* v. *Wade*, 103 U. S. 694; *R.* v. *No. Curry*, 4 B. & C. 958.) If the tax is upon the person instead of on the shares, then every citizen of another state is entitled to notice before he can be personally affected; if, on the other hand, the assessment is upon the shares instead of on the person, then our statutes do not authorize suit for any such assessments, but only for those laid on the person. (*M. Nat. Bank* v. *Penn.*, 167 U. S. 461; *Pennoyer* v. *Neff*, 95 U. S. 732; *M. C. Co.* v. *Pinckney*, 149 U. S. 209; *Schwinger* v. *Hickok*, 53 N. Y. 283; *Rigney* v. *Rigney*, 127 N. Y. 414; *Bank* v. *Parent*, 134 N. Y. 530; *Ward* v. *Boyce*, 152 N. Y. 191; *Eastman* v. *Wadleigh*, 65 Me. 254; *People* v. *Smith*, 50 Hun, 39.) If the construction of a taxing statute be doubtful, that doubt must be resolved in favor of the individual, relieving him of any questionable liability. (*Matter of Fayerweather*, 143 N. Y. 119; *Conroy* v. *Warren*, 3 Johns. Cas. 258; *Girr* v. *Scudds*, 11 Exch. 191; *U. S.* v. *Isham*, 17 Wall. 504; *Hartranft* v. *Wiegmann*, 121 U. S. 609; *Rein* v. *Lane*, L. R. [2 Q. B.] 151.)

MARTIN, J. The plaintiff is a municipal corporation. The defendant, in 1896, was, had been and still is a citizen and resident of the state of New Jersey. During that year the board of taxes and assessments of the city of New York duly made an assessment and a tax was duly levied against one hundred

and twenty-nine shares of stock owned by the defendant in the Standard National Bank. The bank was located and doing business in that city. While all necessary proceedings were taken to impose a tax upon such stock, no personal notice of the assessment was actually given to the defendant, nor did he in any way appear therein. That the city had authority to tax the stock of a national bank doing business within its limits is not questioned. But the contention of the defendant is that the assessing officers of the city had no jurisdiction or authority to impose upon him, while a non-resident, any personal liability by such assessment, and that although the city possessed authority to enforce its payment by a lien upon and sale of the stock, yet it had no power or authority to enforce it by an action for the recovery of a personal judgment.

The only authority for such an assessment is conferred by section 5219 of the Revised Statutes of the United States, which relates to national banks and which provides: " Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere."

In pursuance of that statute, the legislature by chapter 409 of the Laws of 1882 (§ 312) provided: " The stockholders in every bank or banking association organized under the authority of this state, or of the United States, shall be assessed and taxed on the value of their shares of stock therein; said shares shall be included in the valuation of the personal property of such stockholders in the assessment of

taxes at the place, city, town or ward where such bank or banking association is located, and not elsewhere, whether the said stockholders reside in said place, city, town or ward, or not; but in the assessment of said shares, each stockholder shall be allowed all the deductions and exceptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of this state, and the assessment and taxation shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individual citizens of this state," and further provided that no personal notice to such shareholders of the assessment, other than a notice to the bank, should be necessary. The general tax law then in force provided that *all personal property within the state,* whether owned by individuals or corporations, should be liable to taxation (R. S. [8th ed.] § 1, p. 1082), and another statute provided that persons and associations doing business in the state as merchants, bankers or otherwise, and not residents of the state, should be assessed and taxed on all sums invested in said business, the same as if they were residents, such taxes to be collected *from the property* of the firms, persons or associations to which they severally belong. (L. 1855, ch. 37, § 1.)

We think these statutes disclose a general intent not to impose upon a non-resident taxpayer a personal liability, but only to make the property taxed liable therefor. It is to be observed that under the Banking Law it is the shares of stock which are to be assessed; they are not to be assessed as personal taxes are, in the district where the taxpayer resides and by officers having jurisdiction of his person, and, hence, having power to make such an assessment, but in the place where the bank is located, thus showing that the intent was to tax the property and not to impose a personal tax upon the owner, and the first section of the general law referred to provided for taxation only upon such personal property as was within the state, and the second expressly provided that the taxes there imposed upon non-residents should be collected from property therein. Obviously, in the enactment of those stat-

utes the intent of the legislature was to not transcend its legal authority, but to impose taxes only upon property of which and against persons of whom the taxing officers had jurisdiction under these statutes. If a non-resident had real or personal property within the state it might be assessed, but it was only the property that could be assessed, which assessment, when made, was clearly an assessment of property and not an assessment against the owner. The discussion thus far has proceeded upon the general statutes relating to the subject, but without considering section 314 of the Banking Law as amended in 1892, which will be subsequently and separately examined.

The plaintiff contends that section 936 of its charter conferred upon it authority to maintain an action to recover against the person assessed the amount of any tax imposed upon personal property which should remain unpaid. It is true that section provides that any tax duly imposed for personal property upon any person or corporation in the city of New York which shall remain unpaid and in arrears on the fifteenth day of January succeeding the year in which it shall have been imposed may be recovered, with interest and costs, by the receiver of taxes of said city, in the name of the city, in an action in any court of record in the state. But here we again find that section 936 relates only to a tax imposed for personal property upon any person or corporation *in the city of New York.* We think the words "any person or corporation in the city of New York" were intended to include only such persons or corporations as were residents of that city. It seems obvious that in adopting this statute the legislature intended not to exceed the proper limitations of legislation by attempting to confer upon courts jurisdiction of either persons or property not within the boundaries of the state. If this conclusion is correct, it follows that the plaintiff had no authority, by virtue of the statute of the United States or the statutes of this state, so far as they have been considered, to enforce the payment of a tax as a personal liability against a non-resident of the state, although he had personal property within it which was subject to assessment and taxation.

There is but one other statute relating to this subject which need be considered. Section 314 of the Banking Law, as it existed previous to 1892, provided the manner of collecting the tax upon such an assessment, which was by an action to collect it from the avails of a sale of the stock upon which the tax became a lien from the time of its assessment, and subject to which it could only be transferred. In 1892, however, this provision was added: "The county treasurer, receiver of taxes or other officer authorized to receive such tax on default or neglect to pay the same, may by action in any court of record foreclose said constructive and statutory lien, and may also pursue the same remedies as are now provided by law for enforcing payment of personal taxes against residents." If this statute can be so construed as to render it valid, it is the duty of the court to adopt that construction. That all the provisions of this amendment, except that contained in the last clause, are valid and provide only for the enforcement of the tax against property within the jurisdiction of the taxing officers, is evident. As to the last clause, we think it should be regarded as merely providing for the enforcement of such a tax by such remedies against the property as exist for the enforcement of the payment of personal taxes against residents. In other words, its purpose was to give such remedies against the property assessed as existed against the property of a taxpayer for the enforcement of personal taxes so far as they are applicable thereto, but it was not its purpose to attempt by legislation to change a property tax into a personal one. But if that provision must be so construed as to authorize the bringing of an action upon such a tax, thereby enforcing a personal liability against a non-resident, then, as we shall see later, it is clearly invalid, as the legislature possessed no power to enact a statute by which a personal liability might be enforced against a non-resident for a tax which could be lawfully assessed only against property within the state. Therefore, as it is a cardinal rule of construction that all statutes are to be so interpreted as to sustain rather than to defeat them, we think the construction suggested is

proper and should prevail. However, before proceeding to the discussion of the validity under the Federal Constitution of statutes where the legislature has exceeded its authority in enacting them, we will consider the principles applicable to this case as established by the decisions of the courts of this state. The board of taxes and assessments in making the assessment which is sought to be enforced by this action acted judicially. (*Barhyte* v. *Shepherd,* 35 N. Y. 238; *Mayor, etc., of N. Y.* v. *Davenport,* 92 N. Y. 604, 610.) Hence, the important question presented is whether it had such jurisdiction of the person of the defendant as authorized it to make a personal assessment against him. That it had jurisdiction to assess the shares of stock belonging to him and which stood in his name, is not denied. Did it have such jurisdiction of his person as authorized it to make an assessment which could be enforced against him personally? We think not. No sovereignty can subject either property not within its territorial limits or the person of one not within its boundaries, to its judicial decisions. Every exercise of authority of this kind would be beyond the power of the state to grant. Legislative power ceases at the line of the state and judicial power must also cease at that point. Jurisdiction relates to subject-matter, to person and to property. Hence, the rightful exercise of it must be founded upon the person being within the state if a personal determination is involved, or the property must be within its territory if that is the subject of the controversy. (Brown on Jurisdiction, §§ 2, 5.) In this case there was no jurisdiction of the person, although the jurisdiction of the property is conceded. While it is admitted that the court obtained jurisdiction of the person of the defendant *in this action,* yet, as the assessment was against property only and not against the defendant personally, that fact renders it obvious that no personal liability arose by reason thereof, and, hence, no such liability can be enforced by this action. It must be borne in mind that the real question involved is not the jurisdiction of the Supreme Court over the defendant, but is whether the board of taxes and assessments had such

jurisdiction of the defendant's person as to authorize it to impose upon him any liability which could be enforced as a personal claim. While it is true that the assessment in question was in form against the defendant personally, still, as the board had no jurisdiction of his person, the effect of the assessment was merely to impose a charge upon the bank shares owned by him and which were within the jurisdiction of the board. (*People ex rel. Cagger* v. *Dolan*, 36 N. Y. 59, 71, 72.) It is a principle well established by the decisions in this state and elsewhere that assessors have no jurisdiction of the person of one who does not reside within the district to which their jurisdiction extends. (*People ex rel. Mygatt* v. *Supervisors of Chenango Co.*, 11 N. Y. 563 ; *Mygatt* v. *Washburn*, 15 N. Y. 316 ; *Dorwin* v. *Strickland*, 57 N. Y. 492 ; *Hilton* v. *Fonda*, 86 N. Y. 339 ; *Stewart* v. *Crysler*, 100 N. Y. 378 ; *McLean* v. *Jephson*, 123 N. Y. 142.) In *People ex rel. Mygatt* v. *Suprs.*, *etc.*, this court held that assessors have not jurisdiction to assess a person for his personal property, where he is not a resident of the town at the time the assessment is made   *Mygatt* v. *Washburn* was to the effect that assessors who enter upon their assessment roll, as liable to be taxed for personal property, the name of a person not within their district at the time of the assessment, act without jurisdiction. In the *Dorwin* case it was decided that assessing officers have no jurisdiction to assess non-resident for personal property. The *Hilton* case in effect declares that the assessors of a town have no jurisdiction of the person of a non-resident of the county, whereby they can lawfully initiate a charge against him personally for a tax because of lands owned but not occupied by him in their town ; they have jurisdiction to value the lands, but not to assess them to him. In *Stewart* v. *Crysler* it was decided that the lands of a non-resident occupied by a resident of the town, must be assessed to the occupant, and may not be assessed either to the owner or as non-resident lands, and that such an assessment was void. The *McLean* case was to the effect that the question whether persons or property are assessable under the statutes is a jurisdictional one, and is always

open to inquiry when the authority to make an assessment is assailed. In our examination thus far, we have considered the question whether assessing officers have any jurisdiction to assess a personal tax upon a non-resident, under and in view of the statutes and decisions of the courts of this state. But for the contention of the appellant that the legislature had power to confer upon assessing officers authority to impose upon the defendant a personal liability for a tax assessed upon property within the state, we might well rest at this point in the discussion. Yet, as that question was presented and argued upon this appeal, it becomes our duty to ascertain whether, if the statutes are to the effect claimed by the appellant, the legislature had power to enact them.

As has already been suggested, the statutes and authority of the legislature are not extra-territorial, but are confined to the limits and boundaries of the state. The right of a state to tax property over which its powers do not extend, was the subject of discussion and decision by the Supreme Court of the United States as early as 1819. (*M'Culloch* v. *State of Maryland*, 4 Wheaton, 316.) In that case the state of Maryland passed a statute imposing a tax upon all banks, or branches thereof, in the state not chartered by its legislature, and in pursuance thereof a tax was imposed upon the stock of the Bank of the United States. The validity of that statute was questioned, and the United States Supreme Court held that the state could not impose such tax without violating the Federal Constitution, and Chief Justice MARSHALL said : " All subjects over which the sovereign power of a state extends, are objects of taxation ; but those over which it does not extend, are, upon the soundest principles, exempt from taxation. This proposition may almost be pronounced self-evident." Subsequently, the question arose in the case of *State Tax on Foreign-held Bonds* (15 Wall. 300), and it was decided that the power of taxation of a state is limited to persons, property and business within her jurisdiction, and that all taxation must relate to one of those subjects. In dis-

cussing that question, Judge FIELD said: "The power of taxation, however vast in its character and searching in its extent, is necessarily limited to subjects within the jurisdiction of the state. These subjects are persons, property, and business." In *People* v. *Equitable Trust Co.* (96 N. Y. 387, 393) the doctrine of the foregoing cases was approved by this court. In *Dewey* v. *Des Moines* (173 U. S. 193), which must, we think, be regarded as controlling in this case, a resident of the state of Illinois was the owner of certain lots in Des Moines which were assessed by the municipal authorities to an amount beyond their value for the purpose of paving the street upon which they abutted. The statutes of Iowa authorized a personal judgment against the owner in such cases. The owner of the lots filed a petition in the courts of Iowa to have the assessment set aside, to obtain an injunction against further proceedings for the sale of the property, and also to obtain a judgment that there was no personal liability against him for the excess. When the case reached the United States Supreme Court, it held that the state had no power to enact a statute authorizing an assessment upon real estate and imposing upon its non-resident owner a personal liability to pay such assessment. The opinion of the court was to the effect that a statute authorizing an assessment for a local improvement and imposing upon a non-resident of the state a personal liability to pay such assessment was a statute which the state had no power to enact, and which could not furnish any foundation for a personal claim against him; that the state might provide for the sale of the property upon which the assessment was laid, but could not under any guise or pretense proceed farther and impose a personal liability upon a non-resident to pay the assessment or any part of it; that such a provision, if enforced, would constitute a violation of the Federal Constitution which forbids the taking of property without due process of law, and that by resorting to the state court for relief, the plaintiff did not in any manner consent, or render himself liable, to a judgment against him for any personal liability; that a judgment without personal service

against a non-resident was only good so far as it affected the property which was taken or brought under the control of the court or other tribunal, and no jurisdiction was thereby acquired over the person of a non-resident further than respected the property taken, and that this was as true in the case of an assessment against a non-resident as in the case of a more formal judgment; that the jurisdiction to tax existed only in regard to persons and property or business within the state, and could not be enlarged by reason of a statute which assumed to make a non-resident personally liable to pay such a tax. " A state can no more subject to its power a single person or a single article of property, whose residence or legal *situs* is in another state, than it can subject all the citizens or all the property of such other state to its power. The accidental circumstance that it may happen to have the means of reaching one and not the rest can make no difference." (Cooley on Taxation, p. 121.)

Thus, it becomes manifest that, even if the statutes of this state were intended to confer upon the officers of the plaintiff authority to maintain an action against the defendant, and to impose upon him a personal liability for the payment of the tax assessed upon his shares of stock, yet, so far as they attempted to confer that right they were beyond the power of the legislature to enact, and to that extent are invalid. This conclusion is not only fully sustained by authority, but is also just and in accordance with the principles which lie at the basis of the right of taxation. Taxes, unlike debts, are not contractual, but are enforced contributions levied by the authority of the state for the support of its government and other public needs. The justification for their demand is based upon the reciprocal duties of protection and support, and the exclusive sovereignty and jurisdiction of the state over person and property within its territory. The citizen owes to the government the duty to pay taxes, so that the latter may be enabled to perform its functions, and he thus receives his proper compensation in the protection which the government affords to his life, liberty and property. This

protection may be either to the rights of persons or the rights of property, and taxes may, consequently, be imposed upon either when within the jurisdiction of the state. But a personal tax cannot be assessed against a non-resident, nor can a tax be assessed against his property, unless it has an actual *situs* within the state and thus is under the protection of its laws.

In reaching the conclusion that the board of taxes and assessments had no jurisdiction to make any assessment against the defendant which could be made the basis of a personal judgment against him, and that the legislature had no power to pass an act authorizing such an assessment, we have not neglected to examine and consider the numerous authorities to which our attention has been called by the learned counsel for the plaintiff upon the argument and in his brief. We have examined them carefully without finding any well-considered decision or established principle that would justify the conclusion for which he has so earnestly, so ingeniously and so persistently contended.

Order affirmed and judgment absolute ordered against the plaintiff upon its stipulation, with costs.

PARKER, Ch. J., GRAY, O'BRIEN BARTLETT, HAIGHT and VANN, JJ., concur.

Ordered accordingly.