(60 Misc. Rep. 333.)

### In re.ADAMS.

(Supreme Court, Special Term, New York County. August, 1908.)

TAXATION (§ 494*)—TAX AGAINST NONRESIDENT—CANCELLATION.

> A tax on personalty against a nonresident is a tax on the property within the state, and cannot be canceled on proof that the tax is uncollectible for want of personal property, under Tax Law (Laws 1908, p. 1871, c. 505) § 259b, relating to cancellation of a personal property tax against a person which "is void for want of jurisdiction of such person."
>
> [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 494.*]

Application by Charles J. Adams for an order canceling a tax levied against a nonresident. Application denied.

Francis K. Pendleton, Corp. Counsel, for plaintiff.
Saxe & Powell, for petitioner.

BISCHOFF, J. The applicant seeks an order under section 259b of the tax law (Laws 1908, p. 1871, c. 505) canceling the tax levied against him as a nonresident, upon proof that the tax has been found uncollectible for want of personal property. In my opinion the statute in question has no reference to such case. The section reads:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Section 259b. Cancellation of Personal Tax Where It is Void for Want of Jurisdiction.—If a personal tax levied against a person or corporation is void for want of jurisdiction of such person or corporation and has been returned by the proper collector uncollectible for want of personal property out of which to collect the same, the person or corporation against whom the said tax was levied may then apply to the Supreme or County Court in the county in which is located the tax district where the said tax was levied, for an order cancelling the said tax."

A personal tax against a nonresident is not against the person, but upon property within the state. City of New York v. McLean, 170 N. Y. 383, 63 N. E. 380. Not being based upon jurisdiction of the person, it is certainly not "void for want of jurisdiction of such person," and to construe the statute as one covering this class of taxes would be to change the evident purport of the words used in their apparent sense. The suggestion that the statute, when referring to the "want of personal property out of which to collect the same," contemplated a tax "void" because laid against a nonresident who had no property within the state, cannot be adopted, since this in no way satisfied the reference to a tax "void for want of jurisdiction of such person," which is the sole condition of invalidity expressed as the justification for the proceeding to vacate the tax. It is impossible to give the statute a construction which would support the present application, and it is therefore denied, with $10 costs.

Application denied, with $10 costs.