(64 Misc. Rep. 405.)·

CITY OF NEW YORK v. MASON–AU & MAGENTHEIMER CONFECTIONERY CO.

(Supreme Court, Special Term, New York County. August, 1909.)

TAXATION (§ 573½*)—FOREIGN CORPORATIONS—PERSONAL LIABILITY.

Where a foreign corporation appears before the tax commissioners of the city of New York and applies in writing for reduction of the assessment on its capital invested in the state, it is not a waiver of its right to immunity from personal liability on the tax levied, nor does it authorize a judgment therefor to be rendered against it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1145; Dec. Dig. § 573½.*]

Action by the City of New York against the Mason-Au & Magentheimer Confectionery Company. Demurrer to complaint sustained.

Francis K. Pendleton, Corp. Counsel, for plaintiff.

George N. Webster, for defendant.

GREENBAUM, J. Demurrer to complaint for insufficiency. This action is brought to recover a personal judgment for nonpayment of the tax imposed upon the capital of the defendant invested in this state. It is alleged that the defendant is a foreign corporation; that the board of tax commissioners of the city of New York duly assessed the defendant, upon its capital invested in the state of New York, in the sum of $150,000 for the purpose of taxation for the year 1907; that the defendant applied in writing to the board of taxes and assessments of said city, in March, 1907, for a reduction of said assessment; and after a hearing upon written evidence submitted to it by defendant

the said board reduced the amount of the said assessment from $150,-.000 to $78,050.

Plaintiff concedes that, but for the appearance of the defendant before the board of taxes and assessments, this action could not be maintained. City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380. In the McLean Case, supra, section 936 of the New York charter (Laws 1897, p. 334, c. 378), under which this action is brought, was construed as not conferring power "to enforce the payment of a tax as a personal liability against a nonresident of the state, although he had personal property within it which was subject to assessment and taxation." Plaintiff, however, contends that the appearance of the defendant before the tax commissioners for a reduction of the assessment operated as a waiver of the right now asserted of its immunity from personal liability for nonpayment of the tax. Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389, is relied upon as an authority in support of plaintiff's contention. That was a case of a domestic corporation, which had appeared before the assessing commissioners and applied for a reduction of its assessment upon a statement filed by it, which, among other matters, referred to the city of New York as the place where the principal office for the transaction of its business was located. It was held:

"That the appellant's conduct was such as to induce in the minds of the assessing officers the belief that it was a proper subject of personal taxation in New York, and that it assented to such taxation there, disputing only the amount for which it was taxable, and that it cannot now justly complain if it is compelled to pay the tax thus imposed."

That case seems to me readily distinguishable from the one at bar. There we have the case of a domestic corporation acknowledging its residence in the city of New York for the purpose of taxation, under the personal property tax law applicable to residents. In the case under review the defendant is taxed under the general tax law (Consol. Laws, c. 60) applicable to nonresidents, which reads as follows:

"Section 7. When Property of Nonresidents is Taxable. Subdivision 1. Nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business, as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state."

There is no doubt that defendant was properly assessed in the city of New York for the capital there invested, and that the tax commissioners had jurisdiction in the matter. The fact that the tax assessors were vested with jurisdiction over the subject-matter necessarily implies the right of the defendant to appear before the assessing officials for the purpose of securing as low an assessment as the facts may warrant, and such appearance should not and cannot result in a submission to the penalty of a personal judgment, which under the law is applicable only to residents. The jurisdiction of the assessors was of the property and not of the .person, and the enforcement of a tax against a nonresident must be in a proceeding in rem. This conclusion seems to be inevitable from the reasoning of the court in City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380, notwithstanding the obiter language therein that:

"While all necessary proceedings were taken to impose a tax upon such stock, no personal notice of the assessment was actually given to the defendant, nor did he in any way appear therein."

That no personal liability exists on the part of a nonresident under the facts appearing in this case is also apparent from the opinion of the court in Dewey v. City of Des Moines, 173 U. S. 204, 19 Sup. Ct. 379, 43 L. Ed. 665.

The demurrer must be sustained, with costs to the defendant; and, as it is not evident that the plaintiff can amend its complaint to overcome the conclusions at which I have arrived, there is no reason to grant leave to amend.

Demurrer sustained, with costs.