(33 Misc. Rep. 656.)

PEOPLE ex rel. CAMMANN et al. v. FEITNER et al.

(Supreme Court, Special Term, New York County. January 25, 1901.)

1. TAXATION—ASSESSMENT OF TRUST PROPERTY—VALIDITY.
  Under Laws 1896, c. 908, § 32, which provides that a person holding taxable property as a trustee shall be assessed as such, but shall be designated as trustee, and such assessment carried out in a separate line from his individual assessment, an assessment of funds in the hands

of a resident trustee, which constitute three separate trusts, created by the same will, and not shown to be differently invested, is not invalid because it fails to assess the trusts separately.

2. SAME.

Where there are three resident trustees of a single trust, an assessment of the trust property against two of the trustees only is not invalid.

Certiorari by the people, on the relation of Herman H. Cammann and others, as executors and trustees, against Thomas L. Feitner and others, as commissioners of taxes and assessments of the state of New York. Writ dismissed.

Frederick H. Man and Henry M. Man, for relators.

John Whalen, Corp. Counsel, and James M. Ward, for respondents.

McADAM, J. The relators by this proceeding against the defendants, constituting the board and commissioners of taxes and assessments of the city of New York, seek to review by certiorari an assessment of the taxation of personal property in the hands of the relators for the year 1900. It appears by the return that the relators, as executors and trustees of the estate of Margaretta H. Ward, were originally assessed for the year named in the sum of $150,000; that by the will of the said Margaretta H. Ward three trusts were created for the benefit of her three surviving daughters, the relators, Herman H. Cammann and William Man and Nathaniel P. Bailey being appointed executors and trustees; that Nathaniel P. Bailey died, and Edward C. Cammann, in pursuance of the provisions of the will, was appointed trustee in place of said deceased; that the relators and Edward C. Cammann, on February 6, 1899, paid to themselves, as trustees of said trusts, taxable property of the value of $84,000, which amount was in their possession as trustees on the second Monday of January, 1900; that as all of the trustees were residents of the city of New York, and had possession of the trust funds, the defendants struck out the designation of executors, and confirmed the assessment against the relators as trustees at the sum of $84,000. The relators claim that the assessment is invalid, first, on the ground that there are in the hands of the trustees three separate trusts, amounting to $28,000 each, and that the defendants had no power to assess them in solido, but should have assessed each separately; and second, on the ground that an assessment has been made only against two trustees, when in fact there are three. It has been held that the tax law should be fairly and reasonably construed in support of the tax, which should be sustained where there is no substantial departure from statutory requirement. People v. Barker, 86 Hun, 283, 33 N. Y. Supp. 1132, affirmed in 146 N. Y. 404, 42 N. E. 543. That part of the statute pertinent to this controversy provides that, "if a person holds taxable property as agent, trustee, guardian, executor or administrator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment." Laws 1896, c. 908, § 32. This provision is substantially a re-enactment of that portion of the Revised Statutes (Banks' 8th Ed., p. 1097, § 10) which was construed in the case cited, and Justice Beekman, writing the opinion of the court below, said (86 Hun, at page 286, 33 N. Y. Supp. 1132):

"The object of this provision is that each class of assessments may be dealt with singly in reference to deductions and other considerations peculiar to each, and also be free from the confusion and error likely to result both to the city and taxpayer if personal and trust funds should be assessed together. It was the right of the relators to have this provision observed, and their right was respected. They insist, however, upon a legal exactness of definition in characterizing the particular representative capacity in which they are assessed, as if the stress of the statute was upon this, instead of upon the separation of one class of assessments from the other. No such exactness is required. If the representative character of the relators is indicated with substantial correctness, the statute has been complied with, and the fact that the description is inartificial, and without legal nicety, does not vitiate the assessment. Tax laws are not to be treated as nicely-laid traps to snare unwary assessors, but should be upheld, and the acts of public officers under them sustained, where there has been a substantial compliance with all the requirements designed for the protection of the taxpayer."

See, also, Overing v. Foote, 43 N. Y. 290.

Bearing in mind that the object of the statute is the separation of one class of assessments from the other, and that such separation is made to enable the representative to correct the assessment if the valuation is erroneous, and to give him incontestible evidence of the amount paid for taxes on the trust property on the settlement of the account with the trust estate (Williams v. Holden, 4 Wend., at page 226), the first objection is untenable. Each of the trusts was created by the same person in the same instrument, and the record does not disclose that one fund was invested differently from any other. And assuming that the trustees represent the cestuis que trustent, and not the estate of the creator of the trust, such want of legal exactness in describing the relators and omission to state the separate trust funds is not of vital importance. See In re Sudds (Sur.) 66 N. Y. Supp. 231. It is clear that the statute has been substantially complied with.

Nor is the second objection—that the assessment should have been made against the three trustees instead of two—sustainable. All the trustees reside in this city. The relators were assessed on the total value of the trust estate. Under the circumstances there could be no separate assessment against the third trustee in respect of the same trust property, and it cannot be said that he, his co-trustees or the beneficiaries of the trust were prejudiced by his omission from the roll.

The writ must therefore be dismissed, and action of the commis-sioners sustained, with costs.