(59 App. Div. 233.)

PEOPLE ex rel. BURR v. FEITNER et al., Tax Commissioners.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

TAXATION—ASSESSMENTS—PERSONAL PROPERTY—EXECUTOR—TRUSTEE.

Under Laws 1896, c. 905, § 8, providing that every person shall be taxed for all personal property owned by him or under his control as trustee or executor, and section 32, providing that, if he holds property as trustee or executor, he shall be assessed therefor with the addition to his name of his representative character, a person holding personal property as executor and as trustee of three separate trusts created by the same will may properly be assessed the aggregate amount of the four funds in one sum, he being described as executor and trustee under such will.

Appeal from special term.

Certiorari by the people, on relation of Joseph A. Burr as executor and trustee of the estate of James Rodwell, deceased, against Thomas S. Feitner and others, constituting the board of commissioners of taxes and assessments, to review an assessment of personal property. From an order of the special term dismissing the writ, the relator appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Joseph A. Burr (Robert H. Wilson, on the brief), for appellant.
George S. Coleman, for respondents.

WOODWARD, J. This is a proceeding under the provisions of the general tax law (chapter 908, Laws 1896) to review an assessment for taxation of personal property in the hands of the relator for the year 1900. Upon the hearing of the matter the writ was dismissed on the ground that the statute had been substantially complied with, and from the order entered appeal comes to this court. The facts appear to be that the relator is the executor of the last will and testament of James Rodwell, deceased, and also the trustee of three separate and distinct trusts created by said will. When the books of the annual

record of assessed valuations of real and personal estate in the borough of Brooklyn were opened for the year 1900, an assessment appeared thereon against the relator, as executor and trustee of the estate of James Rodwell, for $20,000. The relator, during the time allowed by law, filed an application for the cancellation of said assessment upon the grounds that he was advised and believed that "the said assessment is illegal and void, and I request that the same shall be canceled for the following reason, namely, that it does not comply with the provisions of the law relative to assessment, in that the property which I hold as executor of the said estate is not separately assessed from that which I hold as trustee of the said estate, and, the property which I hold as such trustee being separated into three separate and distinct trusts, the particular trust with respect to which the assessment was intended to be made is not mentioned, and it will be impossible to determine to which of the said trust estates the said assessment applies, or how much of it applies to property held by me as executor and how much to property held by me as trustee." There is no suggestion that there is an overvaluation. The relator admits having in his possession, either as executor or trustee, about $23,000, and he intimates, without stating, that some portion of this sum is exempt from taxation. He has not, however, afforded any evidence of such a fact, or attempted to show what proportion may be exempt, and his whole contention is based upon the alleged illegal assessment. Section 8 of the general tax law provides that "every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him, or under his control as agent, trustee, guardian, executor or administrator"; and section 32 provides that, "if a person holds taxable property as agent, trustee, guardian, executor or administrator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment." The theory of the relator is that, he having set apart certain sums for the three several trusts provided for by the will of which he is the executor, it was incumbent upon the commissioners of taxes to make the assessment against him as the trustee of each of the several trusts, as well as executor of the residuary estate. In other words, he would have this court hold that the assessment against the taxable property concededly in his hands as executor and trustee should be declared illegal and void for no other reason than that the commissioners of assessment have refused to enter his name upon the rolls four different times; three of them as trustee of the separate trust funds, and the fourth as executor of the remainder of the estate. This appears much like an effort to refine a statute to the point of impracticability, and such a construction can serve no purpose contemplated by the law, nor is it necessary to protect any right of the taxpayer. It is conceded by the relator that he is both an executor and a trustee of the estate of James Rodwell; that he has personal property of such estate in his possession or control to the amount of $23,000; and the assessment roll contains the name of the relator, with the addition "of his representative character," and he is assessed $20,000. It cer-

tainly cannot be necessary, under such circumstances, for the commissioners of taxes to inquire as to the exact status of administration of the estate before making out the assessment roll; nor is there any good reason why the assessment should be declared illegal and void because the assessment does not divide up the matter in conformity with the existing trusts, so long as the assessment is against the person who is actually in control of such funds, and who is designated upon the rolls by the addition of his representative character. If the trust funds had been set apart, and were in the custody and control of a third party, it would be proper for the relator to show this fact, and the commissioners of taxes would be in a position to correct the rolls (section 36) by reducing his assessment. But to hold that the law intended to wholly destroy an assessment, regular in form, because of some failure to properly apportion the several trusts, all growing out of a single will, is wholly improbable. We are unable to distinguish this case in principle from People v. Barker, 86 Hun, 283, 33 N. Y. Supp. 1132; Id., 146 N. Y. 404, 42 N. E. 543,—where the court lay down the proposition that:

"If the representative character of the relators is indicated with substantial correctness, the statute has been complied with, and the fact that the description is inartificial, and without legal nicety, does not vitiate the assessment. Tax laws are not to be treated as nicely-laid traps to snare unwary assessors, but should be upheld, and the acts of public officers under them sustained, where there has been a substantial compliance with all the requirements designed for the protection of the taxpayer."

In the case now before us there has been a full compliance with all of the provisions necessary for the protection of the taxpayer. The relator is not called upon to pay taxes upon any property not in his possession or under his control either as an executor or trustee of the estate. His name is entered upon the roll, accompanied by a description of his representative character. He is in a position to reimburse himself from the funds within his control, and the suggestion that he may not be able to determine the exact portion to be borne by the several trust funds is hardly a sufficient justification for this court to wipe out the record of a $20,000 assessment. There is no question that the state and municipality are entitled to collect taxes upon this amount of property in the hands of the relator, and we are convinced that reason and authority demand the affirmance of the order appealed from.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.