(61 App. Div. 115.)

PEOPLE ex rel. CAMMANN et al. v. FEITNER et al., Com'rs.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

1. TAXATION—ASSESSMENT OF TRUST FUND—VALIDITY.

Where trustees held a trust fund under three distinct trusts in favor of three separate cestuis que trustent, an assessment of such fund was not invalid because it failed to assess such trust separately.

2. SAME—ASSESSMENT TO PART OF TRUSTEES.

Where there are three trustees of a single fund, an assessment of the fund to only two of them is not invalid.

Appeal from special term, New York county.

Certiorari by the people, on relation of Herbert H. Cammann and another, as executors and trustees, against Thomas L. Feitner and others, as commissioners. From an order of the special term dismissing the writ (68 N. Y. Supp. 226), relators appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Henry H. Man, for appellants.

James M. Ward, for respondents.

PER CURIAM. The relators, Herman H. Cammann and William Man, are the sole executors, and, with Mr. Edward C. Cammann, are the trustees, under the will of Margaretta H. Ward, deceased. The relators were assessed as follows: "Cammann, Herman H. and William Man, as executors and trustees estate Margaretta H. Ward, $150,000." The trustee Man appeared before the respondents and presented proof that the executors had no funds in their hands, having made complete distribution, and that the relators, with Edward C. Cammann, were trustees of several and distinct trust funds, in favor of each of the daughters of Margaretta H. Ward, the testatrix. Objections were made to the assessment on three grounds; (1) That it was excessive in amount; (2) that the assessment of the three trusts in solido was invalid, and that the law required a separate assessment as to each trust estate; and (3) that, if the assessment was otherwise valid, it was rendered invalid on account of the omission of Edward C. Cammann as trustee, he being a resident of the city of New York, where the relators reside. The commissioners thereupon altered the assessment by striking out the words "executors and" from the description of the relators, and by reducing the amount of the assessment to $84,000. This sum represented the amount of the trust funds. Relators thereupon filed their petition to review the determination of the commissioners, and the same was brought to a hearing at a special term, where the assessment was sustained, from which an appeal was taken to this court.

The claim that the assessment was excessive has been abandoned, and the relators now rely as ground of error upon the second and third, as above specified. We agree with the disposition of the matter which was made by the court below. Since this proceeding was instituted, the question of whether it was error to assess the trust funds in solido has been presented to and decided by the supreme court in the Second department, and it was there held that such an assessment was good and in substantial compliance with the statute. People v. Feitner (Sup.) 69 N. Y. Supp. 574. We agree with the views expressed by the court upon such question, and also in the views expressed by the learned judge at special term upon the same question. It is unnecessary, therefore, to further examine or discuss this matter.

We think, also, that there is no force in the objection that the third trustee was not named in the assessment. In form, the assessment, as made, amply served as notice of the fund or property assessed. No person could be misled. Neither are the rights of the cestui que trust prejudiced on account thereof. The result is the same whether it be treated as three funds or one. It is the product of one interest and of one estate held by the same persons. The payment of the tax is equally adjusted by the simple mathematical division, and not the slightest confusion results. No grievance, therefore, is shown, and the rights of all are fully protected.

The order should therefore be affirmed, with $10 costs and disbursements.