(118 App. Div. 881)

PEOPLE ex rel. VAN NORDEN TRUST CO. et al. v. WELLS et al.

(Supreme Court, Appellate Division, First Department. April 12, 1907.)

TAXATION—PROPERTY HELD IN TRUST—TITLE.

Where a nonresident transferred to a resident trust company certain real and personal property in trust, to invest and reinvest and to collect the rents and profits, and after paying the expenses of administration to pay over one half of such net rents, etc., to the settlor, and the other half to her mother, the trust company being authorized, not only to collect the interest upon, but also the principal of, the mortgages, and to reinvest the principal, and in case of foreclosure to bid in the property, taking title thereto in its own name as trustee, the legal title to the property conveyed, for the purpose of taxation, passed to the trust company; and the fact that the trust deed contained a provision for revocation, not only by the settlor alone, but by her in conjunction with others, did not affect the passing of the title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 172.]

Appeal from Special Term, New York County.

Proceeding by the people of the state of New York, on the relation of the Van Norden Trust Company and Mary Helena Sharpsteen, against James L. Wells and others. From an order dismissing a writ of certiorari and confirming a tax assessment, plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. S. Johnston, for appellants.
William N. King, for respondents.

SCOTT, J. The relator Mary Helena Sharpsteen, a nonresident of this state, conveyed and transferred to the Van Norden Trust Company, a domestic resident corporation, a large amount of real and personal estate, in trust to invest and reinvest and to collect the rents, issues, and profits, and after paying the expenses of administration to "pay over one half of such net rents, issues, and profits, income, interest, and increment, as aforesaid, to the said party of the first part [Mary Helena Sharpsteen], and the other half to Mary H. Meyer, the

mother of the party hereto of the first part, so long as the said Mary H. Meyer shall live, or until such time as this trust shall be revoked as hereinafter provided for." It was further provided that the trust might be revoked at any time by either of the parties to the trust deed, upon giving 30 days' notice in writing to the other party; but this power of revocation could be exercised by the settlor, Sharpsteen, only with the concurrent consent of her mother, Mary H. Meyer, if living, and her counsel, and if the said Mary H. Meyer should be dead, or for any cause incapacitated, then the concurrent consent of Helen A. Michael, the aunt of the settlor, and also her counsel, would be necessary to effect a revocation by the settlor.

The question at issue is whether this deed conveyed the legal title in the trust property to the Van Norden Trust Company, or whether such legal title remains in the settlor, in which case it would be exempt from taxation in this state. The relators contend that the instrument merely creates an agency, or at most a passive trust, which is not recognized by our statutes, and which confers no title upon the grantee. This view is, as we consider, unsound. We find in the instrument all the essential elements of a trust of personal property: A designated beneficiary; a designated trustee, who is not a beneficiary; property sufficiently designated or identified to enable title thereto to pass to the trustee; and the actual delivery of the property to the trustee in such form as to indicate an intention of passing the legal title to him. Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14. The provisions of the deed of trust clearly indicate an intention to vest the title to the personal property in the trustee. It is authorized to collect, not only the interest upon, but also the principal of, the mortgages, and to reinvest the principal, and in case of foreclosure to bid in the property, taking title thereto in its own name as trustee. Certainly, in so far as the trust is created for the benefit of the settlor's mother, it complies in every regard with the requirements of law respecting the creation of a valid and effectual trust; and, being a valid trust to that extent, at least, it cannot be properly called a passive trust, or a mere agency. The fact that the trust deed contains provisions for revocation, not by the settlor alone, but by her in conjunction with other persons, does not affect the validity of the instrument as one creating a trust. Schreyer v. Schreyer, 101 App. Div. 456, 91 N. Y. Supp. 1065, affirmed 182 N. Y. 555, 75 N. E. 1134. We are therefore of the opinion that the instrument in question created a valid, active trust, and that the legal title to the trust estate passed to and vested in the trustee.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.