VILLAGE OF MASSAPEQUA PARK, Respondent, *v.* MASSA-PEQUA PARK VILLA SITES, INC., Appellant.

Argued April 12, 1938; decided May 24, 1938.

*Irving Goldberg* for appellant. Personal liability for taxes assessed against real property is expressly limited by section 71 of the Tax Law (Cons. Laws, ch. 60) to residents of the tax district in which the real property is assessed. (*Hilton* v. *Fonda,* 86 N. Y. 340; *City of New York* v. *McLean,* 170 N. Y. 374; *People* v. *Durey,* 126

Misc. Rep. 642; *MacGregor* v. *Johnson-Cowdin-Emmerich Co.*, 39 Fed. Rep. [2d] 574.) Section 71 of the Tax Law is applicable to villages and under its provisions non-residents of an incorporated village are exempt from personal liability for the taxes assessed against their real property by the village. (*Village of Charlotte* v. *Keon*, 207 N. Y. 346; *Village of Lynbrook* v. *Otto*, 266 N. Y. 308.)

*Frederick M. Thompson* and *James N. MacLean* for respondent. Section 71 of the Tax Law does not apply to village taxes. (Cons. Laws, ch. 60, § 95.) Section 71 of the Tax Law does not limit liability for taxes. (Cons. Laws, ch. 64, § 126.) Section 126 of the Village Law in itself creates a liability for village taxes without limitation as to residence or in any other particular, and without reference to any other law. (*City of Rochester* v. *Bloss*, 185 N. Y. 42.)

FINCH, J. The Appellate Division unanimously affirmed an order of Special Term denying a motion to dismiss the complaint upon a submitted controversy, and certified to this court the question: Should defendant's motion to dismiss the amended complaint have been granted?

This plaintiff, an incorporated village in the county of Nassau, seeks a personal judgment against defendant, a domestic corporation, for taxes accruing on real property owned by defendant situated in the village. The defendant, which has its principal office in the county of New York, moved to dismiss the amended complaint on the ground that it appeared on the face of the complaint that defendant was a non-resident of the village and hence not personally liable for taxes.

Personal liability for real estate taxes has been confined to those who are resident of the particular tax district for so long a time that it has become a part of the history of real estate taxation. The rule arose because tax assessors, while having supervision to tax lands situated within

their tax district, possessed no jurisdiction to assess against the owner if a non-resident. Within the limits of this right to assess " * * * the ultimate tax levied by reason of the assessment is a charge against the person assessed, and is to be collected from his personal estate; * * *." (*Hilton* v. *Fonda*, 86 N. Y. 339, 346; *City of New York* v. *McLean*, 170 N. Y. 374; *MacGregor* v. *Johnson-Cowdin-Emmerich, Inc.*, 39 Fed. Rep. [2d] 574.) The limited personal liability has been continued by section 71 of the Tax Law (Cons. Laws, ch. 60), which reads as follows: " If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property."

The above provision prescribes two essential requirements for personal liability, (1) residence within the tax district in which the property is assessed, and (2) correct entry of the name of the owner on the assessment roll. In the case at bar one of these requirements concededly is lacking, namely, that the owner is not a resident of the village in which the real property was assessed, nor of the county in which the village is located. The above is the only section of the Tax Law which creates personal liability, and its application is State-wide. (*Village of Lynbrook* v. *Otto*, 266 N. Y. 308.) In the absence of a provision exempting villages from the State-wide application of this section of the Tax Law, there is no basis for the contention that the Legislature intended to create any distinction with respect to personal liability for taxes assessed against non-resident real property owners, whether their property is located in villages or elsewhere within the State. If this were not so, instead of a uniform rule of liability throughout the State, there would result one rule for non-resident owners of property in villages as regards village taxes and another rule for non-resident

owners of property in other subdivisions. An additional incongruity would exist if the real property were situated partly within and partly without the village. It is conceded that non-resident owners of real property in towns and cities are not personally liable. (Tax Law, § 95.) Can it be seriously contended that a non-resident owner is personally liable for village taxes but free from liability for town taxes assessed against the same piece of property?

The plaintiff contends that section 95 of the Tax Law while it specifically makes applicable section 71 to towns and cities exempts villages from its application. Section 95 reads as follows: " Article, how applicable. This article shall apply to all the cities or towns of the state, in so far as the matters herein provided for do not conflict with the special and local laws of such cities or towns."

The above article would seem specifically to extend its application to towns and cities except as it gives preference to conflicting local and special laws over the general provisions of the Tax Law. Otherwise because of the local and special laws in towns and cities, it might be urged that section 71 did not extend to towns and cities in which such laws conflicted in any way with the provisions of this article. Furthermore, in the absence of limitation, it would seem that the word " towns " should be read in the broad sense as including " villages." Every village is situated in a town and is territorially part of the town, although a village has a separate government. The Tax Law expressly recognizes a village as part of a town in the preparation of town assessment rolls. Thus the Tax Law provides: " The form of assessment-roll prescribed or approved by the tax commission shall provide for the indication thereon, in appropriate columns, of the name of the village, if in a village." (§ 21, subd. 2.)

In the absence, therefore, of a legislative expression that the term was used in a limited sense, when the Legislature in section 95 of the Tax Law referred to towns, it meant to encompass villages in towns and not to exclude

them. Moreover, if section 95 of the Tax Law should be construed as excluding villages from the operation of section 71 it would seem to follow that no personal liability is imposed upon owners residing in villages as well as non-residents since such personal liability exists only by virtue of section 71 of the Tax Law. (*Village of Lynbrook* v. *Otto, supra.*)

It is urged that section 71 of the Tax Law is inappliable to villages since the Village Law itself contains a complete system for the collection of taxes. These provisions in the Village Law, however, relate to the procedure for the collection of taxes. The question of personal liability is determined by the Tax Law, and is a matter of substantive law applying to all owners of real property within the State.

The plaintiff contends that the Village Law creates a personal liability for village taxes without limitation as to residence or any other particular, and without reference to any other law. (Village Law, § 126; Cons. Laws, ch. 64.) A reading of this section shows that it does not expressly or impliedly impose liability, but merely confers power upon villages to maintain actions to collect unpaid taxes if and when liability therefor exists. Whether or not any liability exists depends upon the conditions prescribed by section 71 of the Tax Law.

It follows that the orders appealed from should be reversed, the motion granted, with costs in all courts, and the question certified answered in the affirmative.

LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; RIPPEY, J., dissents; CRANE, Ch. J., taking no part.

Orders reversed, etc.