THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY, as Trustee for American Red Cross, Albany County Chapter and AMERICAN RED CROSS, ALBANY COUNTY CHAPTER, Relators, against RICHARD J. LEWIS, as Commissioner of Assessments, et al., Respondents. (Assessments for 1940 and 1941.)

Supreme Court, Special Term, Albany County, October 26, 1942.

*Wilsey and Wise (Arnold W. Wise* of counsel), for relators.

*James J. McGuiness, Corporation Counsel (Thomas W. Cantwell* of counsel), for respondents.

Bergan, J.  The facts are stipulated as follows:

" On November 1, 1939, The American Red Cross, Albany County Chapter, entered into a contract with Katherine W. Lane for the purchase of a parcel of property known as 385 State street, Albany, N. Y.  The purchase price for the property was $12,000, payable as follows:  $1,000 on delivery of deed and the balance of $11,000 by payments of $500 on the 1st day of January and July in each year, beginning July 1, 1940.  The contract provided that the title was to be taken in the name of a corporate trustee.  A mortgage was to be given for the unpaid balance.  *  *  *  On November 29, 1939, The American Red Cross, Albany County Chapter, entered into a trust agreement with the National Commercial Bank and Trust Company of Albany, whereby the Bank agreed to take title to the property in question.  The agreement recited the following as a reason for such procedure:  ' Whereas under the rules of the American Red Cross, in order that it never be subject to any claim for a deficiency judgment or any personal liability for the purchase price of property purchased by it, a corporate trustee holds title to property for the benefit of American Red Cross until purchase price is paid.'

" The trust agreement provided that in case a default was made in payment, the property was to be reconveyed to the vendor, and also that the bank should hold title as trustee until the entire balance should be paid.  The provisions of said contract with respect to the purchase money mortgage were expressly waived.  The trustee was not to be liable in any way for the payments and was to have no active duties of any kind. *  *  *

" In accordance with the terms of said contract and trust agreement, the property in question was conveyed to the Bank as trustee, by deed dated November 14, 1939, and recorded in the Albany County Clerk's office on November 15, 1939, in Book 913 of Deeds, at p. 437.  No revenue of any kind whatsoever by way of rents, profits or income is derived from the property.  The property was purchased for the sole use of the American Red Cross, Albany County Chapter, and it is now being used by the organization as its Chapter Headquarters and is carrying on the activities for which the Chapter was organized.

" The property was placed on the assessment rolls of the city of Albany for the years 1940 and 1941 as taxable property at a total valuation of $35,000. In December, 1940, a certiorari proceeding was commenced covering the 1940 assessment. * *, * In December, 1941, a certiorari proceeding was commenced covering the 1941 assessment. * * * "

The record title of the land is vested in the trustee National Commercial Bank and Trust Company, which must be deemed the owner of the legal title. The American Red Cross, Albany Chapter, has an equitable interest in the land by virtue of its agreement of trust with the bank. But this equitable interest is not enforcible against the trustee until the relator's grantor has been paid the full consideration of the transfer. Beyond the ultimate right to a deed of legal title from the trustee upon the contingency that the full consideration be paid to relator's grantor, the beneficiary of the trust has no present interest in the property. Its right to use and occupancy rests at the pleasure of the trustee, since it is not provided expressly by the trust agreement. The trustee without incurring liability, agrees to make payments to its grantor as they shall be received from the beneficiary. The property is, by the trust agreement, to be insured against loss by fire, for the benefit of the trustee as well as the other interested parties, and is to be insured against public liability for the sole protection of the trustee. These matters are *indicia* of an intent that legal ownership presently is with the trustee even though, upon performance of its contract with the grantor, the trustee may hereafter be required to transfer the legal title. The title may never vest in the beneficiary, which presently has no enforcible right to compel the trustee to grant such a title.

The purpose of the trust is to avoid the assumption by the American Red Cross of personal obligation for the balance due under the contract of sale. In placing itself beyond personal liability for this obligation, it employed an instrument which avoided the assumption of a legal title. The result, as far as public authority is concerned, is to treat the trustee as the owner of the legal title, as indeed, by the express agreement of the parties, it is. The theory of the tax statute is that the land itself is the primary subject of the assessment (Tax Law, § 9; Cons. Laws, ch. 60), and the assessment is properly to be made against the owner of the record title.

The exemption which accrues to "the real property of" the beneficiary under subdivision 6 of section 4 of the Tax Law, does not extend to the trustee. The Red Cross is not the owner

of real property in this instance. It is the owner of an equitable right, enforcible upon the happening of a future contingency.

Under general principles of law the tax assessment is to be made against the trustee and not the equitable beneficiary. In dealing with the taxation of trust estates it is said (61 Corpus Juris, § 190): "As a general rule such property [of trust estates] is assessed to the trustee as holder of the legal title."

If the instrument is a valid instrument of trust, and I have no doubt upon that point, the legal title of the trustee is taxable although the beneficiary would be exempt. Closely analogous in principle is the decision in *People ex rel. Van Norden Trust Co.* v. *Wells* (118 App. Div. 881). There the creator of the trust was a nonresident. Her personal property was not taxable in New York. She transferred the property to a resident domestic corporation as trustee for enumerated purposes. The power of revocation existed under certain conditions. It was held by the court that the trust agreement had all the essential elements of a valid trust of personal property and that it "indicate[d] an intention to vest title to the personal property in the trustee." Since the legal title had passed to the trustee, the court was of opinion that it was taxable in New York, and so determined. See also discussion of requirement under a former tax statute that land be assessed against the owner, as affecting the duty to assess trustees as the owners of the legal title under a will, in *Trowbridge* v. *Horan* (78 N. Y. 439).

The opinion of the court in *People ex rel. Crook* v. *Wells* (179 N. Y. 257) illuminates the basic problem presented here. There a testator left his residuary estate consisting of personal property to a charitable corporation. The property was generally subject to tax. The property of the residuary legatee was exempt. The assessment was made against the executor. The court held it was exempt. But the reason assigned seems to me to be controlling in these proceedings. The residuary estate was held to have vested in the charitable corporation "at the moment of the death of the testator" (p. 259). "No one had any interest in the residuary estate except the corporation. There was no trust given by the will to the executor except the general trust to distribute the estate under the terms of the will. The corporation owned the residuary estate from the moment of the testator's death; the executor had no title, no right to invest * * *." (p. 260.) The distinction drawn by the court applies here and renders this property taxable.

The proceedings should be dismissed on the merits.