In the Matter of the Accounting of LINCOLN-ROCHESTER TRUST COMPANY, as Successor Administrator with the Will Annexed of the Estate of JOSEPH M. SCHMITT, Deceased.

Surrogate's Court, Monroe County, November 19, 1946.

*Sutherland & Sutherland* for administrator *c.t.a.*

*Henry S. McGonegal* and *Joseph B. Boyle* for County of Monroe, claimant.

WITMER, S.  On this judicial settlement proceeding the County of Monroe has presented a claim for $650.16, plus interest, for unpaid taxes on a parcel of real estate at No. 11 Weld Street, Rochester, New York, belonging to this estate. The testator died in 1911 and his widow, the life beneficiary of his estate, was appointed executrix of his will. Because of infirmities she was relieved of her charge in 1927 at which time letters of administration *c.t.a.* were issued to her children, Edward L. Schmitt and Anna M. Krug.  Anna M. Krug died on December 5, 1933.  In March, 1934, Edward L. Schmitt was relieved as administrator *c.t.a.*, and petitioner, then known as the Rochester Trust and Safe Deposit Company, was appointed successor administrator *c.t.a.*

In August, 1926, the Weld Street property was sold by the executrix to Rose Fornieri, the executrix taking back a substantial purchase-money mortgage.  The mortgagor defaulted on the mortgage, and by deed recorded in Monroe County Clerk's Office on May 19, 1932, Rose Fornieri reconveyed said realty to the estate in satisfaction of the mortgage.  The deed ran to " Edward L. Schmitt & Anna M. Krug, as administrators c.t.a. of the Last Will and Testament of Joseph M. Schmitt, deceased ".  There has been no subsequent conveyance of the premises.

The county tax roll for the tax year 1932, completed July 1, 1932, which tax became payable in January, 1933, shows the Weld Street property assessed as follows: " Edw. L. Schmitt & Anna Krug as Extrs. of J. M. Schmitt Est." For the years 1933 through 1936 the property was assessed as follows: " Edw. R. Schmitt & Anna Krug as Admrs. c.t.a. of Est. Jos. M. Schmitt ", and for the years 1937 through 1946 it was assessed to " Edw. R. Schmitt & Anna Krug, Admrs. Jos. M. Schmitt ".

The county bases its claims upon section 71 of the Tax Law, which reads in part as follows: " If the owner of a parcel or portion of real property is a resident of the tax district in which such parcel or portion of real property is assessed, and his name is correctly entered on the assessment-roll, he shall be personally liable for the tax assessed against such parcel or portion of real property. If any person shall neglect or refuse to pay any tax imposed on him, the collector may levy upon any personal property in the county belonging to or in the possession of any person who ought to pay the tax, and cause the same to be sold at public auction for the payment of such tax, and the fees and expenses of collection * * *." Under this statute the owners are thus personally liable for the tax if there has been compliance with the requirements of the statute. (*Village of Lynbrook* v. *Otto,* 266 N. Y. 308.) It is acknowledged that said Edward L. Schmitt and Anna Krug resided in the city of Rochester during the period in which they were administrators *c.t.a.* of Joseph M. Schmitt, deceased. There is nothing before the court to show what was the residence of Edward L. Schmitt after his discharge as such administrator in March, 1934, or to show that he continued to live thereafter.

For the years 1932 and 1933 it is clear that the names of the owners of the Weld Street property were correctly entered on the assessment rolls, so as to raise a personal liability upon them for the tax, for which they in turn could look to the estate for payment in the first instance, or for reimbursement. (*People ex rel. McHarg* v. *Gaus,* 169 N. Y. 19; *People ex rel. Cammann* v. *Feitner,* 61 App. Div. 115, affd. 168 N. Y. 646; *People ex rel. Burr* v. *Feitner,* 59 App. Div. 233, affd. 167 N. Y. 621; *People ex rel. Pike* v. *Barker,* 86 Hun 283, affd. 146 N. Y. 404; *M'Lean* v. *Horn,* 62 Hun 622, opinion in 17 N. Y. S. 119; *Matter of Martin,* 187 Misc. 980.) The fact that one of the administrators *c.t.a.,* Anna M. Krug, died before the 1933 tax actually became a lien and was payable does not matter. One administrator continued to exist, which is sufficient. Moreover, it appears that the

assessment remained effective against the estate of the deceased representative. (*People ex rel. Luther* v. *McDermott*, 265 N. Y. 47, 52; *Wise* v. *Wedlake*, 217 App. Div. 210, 212.) But however that may be, the liability having become attached to a preceding administrator, it continued against the successor administrator. (2 Warren's Heaton Surrogates' Courts [6th ed.], § 199, par. 1, subpar. [d].)

As to the taxes assessed for the years 1934 through 1946, it appears equally clear that the assessments were not in the name of the legal owner within the meaning of section 71 of the Tax Law. In the first place it does not appear that the survivor of the two administrators *c.t.a.* for the period 1927 through 1934 continued to live within the tax district thereafter. That lack is fatal to this claim. (*Village of Massapequa Park* v. *M. P. V. Sites*, 278 N. Y. 28.) Secondly, even if it appeared that Edward L. Schmitt did continue as a resident of the city of Rochester to this date, he ceased to have any interest in the legal title to the property in March, 1934. In the present accounting the name of Edward L. Schmitt is not listed as one interested in the assets of this estate. Whether or not he has been interested equitably in the estate since March, 1934, is of no moment. Assessments must be made against the legal, not the equitable, owner. (*People ex rel. National Commerce Bank* v. *Lewis*, 179 Misc. 140, 143; *People ex rel. Barnard College* v. *Wells*, 46 Misc. 13.) The legal owner in 1934 was the Rochester Trust and Safe Deposit Company, now known as Lincoln-Rochester Trust Company, the petitioner. The failure of the assessors to place its name on the assessment roll for this property is likewise fatal to the county's claim for such years. At best the assessment was against the estate of Joseph M. Schmitt, deceased, which form of assessment has consistently been held to be invalid. (*Matter of McCue* v. *Supervisors*, 162 N. Y. 235; *Matter of Adams* v. *Supervisors*, 18 App. Div. 415, affd. 154 N. Y. 619; *Cromwell* v. *MacLean*, 123 N. Y. 474; *Haight* v. *Mayor of City of N. Y.*, 99 N. Y. 280; *Trowbridge* v. *Horan*, 78 N. Y. 439.) The essential requirement and purpose of the statute, as expressed in the authorities cited above respecting the assessments for the years 1932 and 1933, has not been met. The argument made in behalf of the county that the successor administrator must assume the liabilities of his predecessor administrator is not applicable to the years 1934–1946, because no liability ever attached to such prior administrator for such years.

Therefore, the only personal claims which the county ever acquired herein were for the years 1932 and 1933. Counsel have not raised the point as to whether such claims have been cancelled by subsequent action of the county; but the county's claim, filed herein, lays a basis for considering that question. The county has substantiated its claim by attaching thereto for each of the years 1932 and 1933, as well as other years, the certificate of tax sale, entitled " Redemption of Lands Sold by the Treasurer of Monroe County for General State and County Taxes * * * ", and it appears thereon that the county bought in the property on such sales. Such sales by the County of Monroe cancelled its personal claim against the owners. (*Matter of Ueck,* 286 N. Y. 1; *Matter of Frederick E. Wyatt,* opinion by former Surrogate JOSEPH M. FEELY, filed in this court July 24, 1941; *Matter of Wood,* 187 Misc. 972; *Matter of Martin,* 187 Misc. 980, *supra.*)

The claims of the County of Monroe must, therefore, be disallowed.

Submit decree accordingly.