Requestor: James S. Millea, Jr., Esq., Corporation Counsel City of Rensselaer City Hall Rensselaer, New York 12144
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a city may enact a local law authorizing it to collect arrearages in real property taxes by filing claims against the proceeds of fire insurance policies on one and two-family dwellings.
By way of background, we note that the Real Property Tax Law provides that real property taxes are to be assessed against the property itself, "which shall be liable to sale pursuant to law for any unpaid taxes or special ad valorem levies". Real Property Tax Law §304(1); see, Smith v Russell, 172 App. Div. 793 (4th Dept 1916); People ex rel. National Commercial Bank Trust Co. v Lewis,179 Misc. 140 (Sup Ct Alb Co 1942). The RPTL also provides an optional method of collection which is based on the personal liability of the property owner (and certain renters). RPTL § 926(1);see, RPTL § 304. Personal liability under section 926, however, will only attach if the owner is a resident of the city or town in which the property is assessed. RPTL §926(1); see, Village of MassapequaPark v Massapequa Park Villa Sites, 278 N.Y. 28 (1938);New York v McLean, 170 N.Y. 374 (1902). Furthermore, the collecting officer may only levy on personal property of the owner which is located in the county in which the taxing district is located. Ibid.;see, 1932 Op Atty Gen (Inf) 492.
In 1977, the Legislature established a procedure by which tax districts (including counties, cities, towns and villages) could collect real property tax arrearages against the proceeds of fire insurance policies. General Municipal Law § 22; Insurance Law § 331. Section 22 of the GML allows the taxing district's enforcement officer to file a claim against the fire insurance policy proceeds with the Superintendent of Insurance. GML § 22(5). Section 331 of the Insurance Law requires the Superintendent of Insurance to maintain an index of tax districts that file claims against fire insurance policy proceeds. Insurance Law § 331(a); 1977 Op Atty Gen 60. Before an insurer can make a payment under a policy, it must first consult the index, and notify the enforcement officer of any taxing district making a claim under GML § 22 that a payment is to be made. If the enforcement officer requests it, the insurer must satisfy any outstanding real property tax liens prior to paying the claim. Insurance Law §331(d).
These sections were added as a response to an increase in arson involving commercial property in New York and other cities. Prior to this legislation, if a building with past due real property taxes burned down, the city — or other taxing district — was not able to levy directly against the fire insurance proceeds, which were the personal property of the owner. See, City of Utica v Park-Mill Corp.,
41 N.Y.S.2d 248 (Sup Ct Oneida Co 1943).
In order to become eligible for the attachment process set forth in section 22, a taxing district must first enact a local law which provides for the release or return to the insured of the fire insurance proceeds if the insured agrees in writing to restore the premises which were damaged by the fire. GML § 22(4).
You have asked whether a municipality is authorized to enact a local law permitting it to file claims against the proceeds of fire insurance policies on one and two-family dwellings.
By its very terms, the procedure established by the General Municipal and Insurance Laws does not apply to one and two-family dwellings. Indeed, the legislative history makes clear that these provisions were enacted in response to arson and insurance fraud involving commercial property. Legislative Bill Jacket, L 1977, ch 738. Real property which is subject to the levy procedure is defined in the following way:
 "`Real property means property upon which there is erected any residential, commercial or industrial building or structure except a one or two family residential structure." GML § 22(1)(e); emphasis supplied.
Although section 331 of the Insurance Law requires the insurer paying a claim to notify the taxing district, that requirement applies only to policies covering "damages caused by fire to real property, as such term is defined in section twenty-two of the general municipal law". Insurance Law § 331(d). Under the current legislative scheme, an insurer is not required to notify a taxing district of payments under policies insuring one and two-family structures. It is clear that levy on the proceeds of a policy covering a one or two-family structure is not permitted under State law.
Section 10(1)(i) and (ii) of the Municipal Home Rule Law authorizes municipalities to enact local laws in relation to various subjects. See,also, N Y Const, Art IX, § 2(c). Although this grant of police power is broad, it is subject to two firm restrictions: (1) the local enactment may not be inconsistent with the Constitution or general State law, and (2) the town may not exercise its police power in areas which have been preempted by the State Legislature. New York State Club Association, Inc.v City of New York, 69 N.Y.2d 211, 217 (1987), affd, 487 U.S. 1 (1988);Consolidated Edison Co. v Town of Red Hook, 60 N.Y.2d 99, 105 (1983);Marcus v Baron, 57 N.Y.2d 862 (1982).
In our view, a local law which allows a municipality to collect real property tax arrearages from insurance proceeds on one and two-family dwellings is inconsistent with State law and, accordingly, not authorized under the city's home rule powers. State law permits tax claims against fire insurance proceeds but expressly excepts one and two-family structures. Given the general principle that real property taxes are assessable against the property itself, any imposition of restrictions by a municipality would be inconsistent with State law and, accordingly, invalid. Op Atty Gen (Inf) No. 90-77; 1986 Op Atty Gen (Inf) 141.
We conclude that a municipality has no authority to establish a procedure whereby it can collect past due real property taxes by making claims against the proceeds of fire insurance policies on one and two-family dwellings.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.