■ In the Matter of ROBERT BRUCE MCLANE ASSOCIATES, INC., et al., Petitioners, v MICHAEL URBACH, as Commissioner of New York State Department of Taxation and Finance, et al., Respondents. [649 NYS2d 487] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner Robert Bruce McLane Associates, Inc. (hereinafter the corporation) is a New York corporation that provides security guard services at construction sites in New York City. The Division of Taxation of the Department of Taxation and Finance conducted a sales tax field audit of the corporation for the period between December 1, 1985 and May 31, 1991 and in September 1992 issued the corporation a notice of determination asserting sales tax due in the amount of $265,396.64, plus penalty and interest thereon. In October 1992, the Division issued a corresponding notice of determination in the same amount to petitioner Robert Bruce McLane in his capacity as president of the corporation.

The corporation paid $41,000 toward the assessment under protest and additionally paid $70,992.98 in sales tax for the quarters ending February 28, 1991 and May 31, 1991. In December 1992, petitioners filed a formal petition challenging the notices of determination. In December 1993, petitioners also filed an application seeking a $60,000 refund for sales taxes paid for the quarters ending February 28, 1991 and May 31, 1991, which application was denied. Petitioners filed a petition in January 1994 contesting the denial of the refund claim. This petition was consolidated with the December 1992 petition for determination by an Administrative Law Judge (hereinafter ALJ).

The ALJ dismissed the corporation's December 1992 petition as untimely, denied McLane's petition of the same date and sustained the October 1992 notice of determination. The ALJ also denied the January 1994 petition and sustained the disallowance of petitioners' refund claim. Petitioners filed a notice of exception to the ALJ's determination and respondent Tax Appeals Tribunal affirmed the ALJ's determination. Petitioners thereafter commenced the instant proceeding in this Court

to annul the Tribunal's determination. In January 1996, this Court granted, by default, a motion by respondent Commissioner of Taxation and Finance to dismiss the proceeding by the corporation for its failure to pay the tax due or file an undertaking with the Commissioner.

McLane contends that the security services at issue are exempt from taxation pursuant to Tax Law § 1105 (c) (3) (iii) and (5). Tax Law § 1105 (c) (5) imposes a sales tax on services related to "[m]aintaining, servicing or repairing real property" but exempts from taxation "adding to or improving such real property * * * by a capital improvement". Tax Law § 1105 (c) (3) (iii) provides an exemption for services applying to the installation of tangible personal property when the installed property will constitute a capital improvement. Such exemptions are also applicable to sales taxes imposed by New York City pursuant to Tax Law § 1212-A (f) (1) (see, Tax Law § 1212-A [g] [2]). In this case, the parties have stipulated that the construction projects at which the corporation provided security services were capital improvement projects, the corporation was a subcontractor on the construction sites and the projects were of sufficient size so as to mandate the corporation's services by law (see, Administrative Code of City of NY § 27-1024 [a]).

Because McLane seeks the benefit of an exemption from taxation, he carries the burden of proving that his claim falls within the language of the exemption (see, Matter of St. Joe Resources Co. v New York State Tax Commn., 132 AD2d 98, 102 [Yesawich Jr., J., dissenting], revd on dissenting opn below 72 NY2d 943; see also, Matter of Grace v New York State Tax Commn., 37 NY2d 193, 196). An exemption is not a matter of right but a matter of legislative grace; therefore, a statute creating an exemption will be construed against the taxpayer (see, Matter of Grace v New York State Tax Commn., supra, at 196). Unless the respondents' determination is irrational or unreasonable, it must be upheld (see, Matter of St. Joe Resources Co. v New York State Tax Commn., supra, at 102).

In denying the petitions, the Tribunal relied upon Tax Law § 1105 (c) (8), which imposes a sales tax upon "[p]rotective and detective services, including * * * patrol and watch[person] services of every nature" (emphasis supplied). A similar provision is contained in the Administrative Code of the City of New York (see, Administrative Code § 11-2040 [a] [2]). Neither Tax Law § 1105 (c) (8) nor its counterpart in the Administrative Code contains an exemption for capital improvement-related services.

McLane argues that Tax Law § 1105 (c) (5) and (8) are in direct conflict and that these provisions can be harmonized only by finding that security services performed in connection with capital improvement projects are exempt from sales tax. However, an examination of the language of Tax Law § 1105 (c) (8) reveals the Legislature's clear intent to impose a sales tax upon patrol and watchperson services of every nature. Notably, the Legislature did not add a capital improvement exemption in Tax Law § 1105 (c) (8) similar to that contained in Tax Law § 1105 (c) (3) (iii) and (5). "The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended" (*Pajak v Pajak*, 56 NY2d 394, 397, citing McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Further, it is also well recognized "that where the Legislature enacts a specific provision directed at a particular class, and a more general provision in the same statute which might appear to encompass that class, the specific provision will be applied" (*People v Marrero*, 71 AD2d 346, 349-350; *see*, McKinney's Cons Laws of NY, Book 1, Statutes § 238; *see also, People v Mobil Oil Corp.*, 48 NY2d 192, 200). We conclude that Tax Law § 1105 (c) (8), which specifically imposes a sales tax upon security services of every nature, takes precedence over the more general language of Tax Law § 1105 (c) (5). This conclusion is also consistent with the strict and narrow reading given to statutes creating tax exemptions (*see, Matter of St. Joe Resources Co. v New York State Tax Commn., supra*, at 102). Accordingly, we find that the Tribunal's determination was neither irrational nor unreasonable and that McLane has failed to sustain his burden of proving that those services are otherwise exempt from sales tax.

McLane's reliance upon our decision in *Matter of Building Contrs. Assn. v Tully* (87 AD2d 909) is unavailing, since that case arose under Tax Law § 1105 (c) (5) and a related regulation, and the instant proceeding arises under Tax Law § 1105 (c) (8). Further, we agree with the Tribunal that because this case involves Tax Law § 1105 (c) (8), the "end result" test is inapplicable (*see*, 20 NYCRR 527.7 [b] [4]). We have considered McLane's remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.