[710 NYS2d 659]

In the Matter of ANDREW WIDMARK, Individually and as a Trustee of the Estate of JOHN M. GALESI, Deceased, Appellant, v JOHN E. CAHILL, as Real Property Tax Director of the County of Broome, et al., Respondents.

Third Department, June 29, 2000

**APPEARANCES OF COUNSEL**

*Sayles & Evans,* Elmira (*Cynthia S. Hutchinson* of counsel), for appellant.

*William L. Gibson, County Attorney* of Broome County, Binghamton (*Robert G. Behnke* of counsel), for respondents.

**OPINION OF THE COURT**

PETERS, J.

Petitioner, along with three others, was the trustee of the estate of John M. Galesi (hereinafter the Galesi Trust), which was the fee owner of commercial real property and a co-owner of an adjacent parcel of commercial real property (hereinafter collectively referred to as Endicott Plaza) located in the Village of Endicott, Broome County. Due to a failure to pay property taxes, foreclosure proceedings were initiated. Upon the discovery that there was potential underground contamination of the subject properties, the parcels were withdrawn from the foreclosure proceedings (*see*, RPTL 1138 [1] [d]) and respondents thereafter moved for orders pursuant to RPTL 1138 (5) and 990 to allow for the commencement of supplementary proceedings. When no opposition was offered, County Court issued two orders permitting such proceedings.

Pursuant thereto, respondents served executions upon the tenants of Endicott Plaza directing them to pay their rent to respondents. Petitioner thereafter sought to vacate those orders, contending that because he was not a resident of Broome County he could not be subject to personal liability pursuant to the provisions of RPTL 926. Upon County Court's dismissal of petitioner's application, this appeal ensued.

The sole issue presented is whether respondents can utilize the enforcement and collection procedures provided for in RPTL 1138 (5) and 990 without first determining whether RPTL 926, which limits the imposition of personal liability for delinquent taxes to owners of real property "if a resident of the city or town in which such property or interest therein is assessed" (RPTL 926 [1]), is applicable. Derived from Tax Law former § 71 (L 1909, ch 62 [hereinafter Tax Law § 71]) and further clarified through later amendments (*see*, L 1916, ch 323, § 43; L 1917, ch 356; L 1934, ch 610), the Court of Appeals has explained that "[p]ersonal liability for real estate taxes [pursuant to Tax Law § 71] has been confined to those who are resident of the particular tax district for so long a time that it has become a part of the history of real estate taxation" (*Village of Massapequa Park v Massapequa Park Villa Sites*, 278 NY 28, 30; *see*, *Matter of Ueck*, 286 NY 1; *City of Buffalo v Rein*, 120 Misc 2d 611). Hence, it became "[t]he general policy of the State * * * to collect unpaid real estate taxes by levy upon the

personalty of the owner, when that is permitted by section 71 of the Tax Law * * * or by a sale of the property" (*Matter of Ueck, supra*, at 7).

The residency requirement of Tax Law § 71 has been found to be controlling substantive law when other conflicting provisions in the Tax Law, specifically addressing the collection of back taxes, were relegated to procedural determinations (*see, City of Long Beach v Guaranty Trust Co.*, 264 App Div 731; *see also, City of Long Beach v Longken, Inc.*, 264 App Div 732). As observed in *City of Buffalo v Cargill, Inc.* (55 AD2d 61), later affirmed by the Court of Appeals (44 NY2d 7), the limited personal liability provisions of Tax Law § 71 "[are] carried over in almost identical form in current [RPTL] 926" (*City of Buffalo v Cargill, Inc., supra*, at 64; *see, Village of Massapequa Park v Massapequa Park Villa Sites, supra*).*

Mindful that adherence to precedent is especially pertinent when interpreting tax statutes (*see, City of Buffalo v Cargill, Inc.*, 44 NY2d 7, 18, *supra*), we find further support for the proposition that personal liability may only attach if the owner is a resident of the city or town in which the property is assessed from both an informal opinion of the Attorney General (*see*, 1991 Atty Gen [Inf Opns] 66) and our review of RPTL article 9. RPTL 926, entitled "Personal liability for taxes; optional method of collection," is subsumed within title 3 thereof which details the substantive provisions for the collection of taxes while RPTL 990, entitled "Supplementary proceedings to collect taxes," is subsumed within the general application provisions of title 5 which deal with, *inter alia*, methods for notice and other procedural requisites.

Hence, it is our view that had the Legislature intended to abrogate, supercede or usurp this historical, codified tenet, it would have taken affirmative steps to do so (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 74; *see also, Matter of McLane Assocs. v Urbach*, 232 AD2d 826, 828). As "[t]he tax laws are creatures of the Legislature and changes in these laws or the establishment of specific rights under these laws may not be inferred but must be made in clear and express terms" (*City of Buffalo v Cargill, Inc.*, 44 NY2d 7, 16, *supra*), we can find nothing in the legislative scheme of either RPTL 1138 (5) or 990 to indicate that it sought to change this long-

---

* Courts of this State have upheld the residency requirement of Tax Law § 71 to resolve opposition to personal liability imposed upon nonresident trustees for taxes owed by a trust (*see, Matter of Schmitt*, 187 Misc 988).

standing principle of precluding the imposition of personal liability without concomitant residency; they merely empower the enforcement officer to maintain a proceeding to collect unpaid taxes if and when personal liability exists and provide the mechanism and procedure by which a taxing authority may collect moneys through supplementary procedures (*see generally*, CPLR art 52).

As it is undisputed that petitioner is not a resident of Broome County, personal liability for delinquent taxes cannot be imposed upon him. We therefore reverse the order of Supreme Court and grant the petition (*see, City of Buffalo v Rein*, 120 Misc 2d 611, *supra*).

MERCURE, J. P., SPAIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and petition granted.