Matter of Evergreene Gardens, LLC v Tax Appeals Trib. of the State of N.Y. (2022 NY Slip Op 05243)

Matter of Evergreene Gardens, LLC v Tax Appeals Trib. of the State of N.Y.

2022 NY Slip Op 05243

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

533347
[*1]In the Matter of Evergreene Gardens, LLC, Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Law Offices of Joshua R. Bronstein & Associates, PLLC, Port Washington (Joshua Reid Bronstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for Commissioner of Taxation and Finance, respondent.

Aarons, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.
As required by local law, petitioner, a developer, engaged the services of a company for the provision of "guard and protective services" at a building construction site. In connection therewith, the company charged and collected $14,978.78 in sales tax. Petitioner applied to the Department of Taxation and Finance (hereinafter the Department) for a credit or refund of these taxes paid, arguing that the provided services were excluded from sales tax. The Department denied the application. Petitioner then filed a petition with the Division of Tax Appeals. Following the Department's answer, the parties stipulated that the services provided by the company constituted "[p]rotective and detective services" within the meaning of Tax Law § 1105 (c) (8) and that the only issue for resolution was whether such services were excluded from being taxed because they were provided in conjunction with a capital improvement. Relying on Matter of Robert Bruce McLane Assoc. v Urbach (232 AD2d 826 [3d Dept 1996]), an Administrative Law Judge upheld the Department's denial of petitioner's application. Petitioner filed an exception to the Administrative Law Judge's determination, which respondent Tax Appeals Tribunal affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment of the Tribunal's determination. We confirm.
The Tribunal's determination was rational in view of Matter of Robert Bruce McLane Assoc. v Urbach , wherein we held that the security guard services provided at a construction site were taxable and that the capital improvement exemption set forth in Tax Law § 1105 (c) (5) was inapplicable (see Matter of Robert Bruce McLane Assoc. v Urbach, 232 AD2d at 828). Given that the taxed services here do not materially differ from the services provided in Matter of Robert Bruce McLane Assoc. v Urbach, the Tribunal's determination will not be disturbed. Petitioner fails to advance compelling reasons to overturn Matter of Robert Bruce McLane Assoc. v Urbach , and the cases, advisory opinions and administrative decisions relied upon by petitioner are inapposite. Petitioner's remaining contentions have been considered and are unavailing.
Garry, P.J., Lynch, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs.